## SNOUFFER, Plaintiff-Appellee. v. POTTER LUMBER & SUPPLY COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3840.  Decided October 25, 1945.

Nolan & Young, Columbus, for plaintiff-appellee.

Burr, Porter, Stanley & Treffinger, Lawrence D. Stanley, of counsel, Columbus, for defendant-appellant.

MONTGOMERY, J., of the Fifth Appellate District sitting by designation.

## OPINION

By MILLER, J.

This case is here on appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County, entered upon a verdict in favor of Stephen Snouffer, Plaintiff-Appellee, and against The Potter Lumber and Supply Company, Defendant-Appellant, in the sum of $500.00.

The plaintiff alleged in his petition that on December 19, 1941, at about 8:15 A. M., his automobile, a school bus, was damaged to the extent of $500.00 in a collision with a truck being operated by an employee of the defendant. The accident happened on Granville Road east of Worthington. The specifications of negligence were:

1. Defendant carelessly and negligently failed to exercise any care to safeguard the lives and property of those in the lawful use of the highway.

2. In failing to keep said truck on the right side of the road.

3. Defendant failed to keep a lookout for persons using the highway.

4. Defendant emerged from private driveway without yielding the right of way to the plaintiff.

The answer was a general denial and contributory negligence on the part of the plaintiff.

The record discloses that a private driveway was located on the defendant's property and which driveway intersected Granville Road. The defendant's truck proceeded south in this driveway and then turned to the right and was proceeding slowly in a westerly direction on Granville Road when the rear end of defendant's truck was struck by the front end of the plaintiff's school bus, which also was proceeding in a westerly direction on Granville Road. Granville Road is a wide, well-paved street, and main highway running in an easterly and westerly direction. It was an extremely foggy morning. The witnesses placed the visibility at anywhere from thirty to fifty feet.

Interrogatories were submitted to the jury and the jury's answers to such interrogatories comprise a complete finding of facts, The interrogatories and answers read as follows:

(1) "Did Mr. Snouffer see the truck at the extreme range of his vision, that is, as soon as the foggy condition of the atmosphere would permit?

Answer: Yes."

(2) "How far, in fact, was Mr. Snouffer from the truck when he first saw the truck?

Answer: 30 feet."

(3) "Was Mr. Snouffer going 20 to 25 miles per hour when he first saw the truck?

Answer: No."

(4) "If your answer to the foregoing question is 'No', at what rate of speed was Mr. Snouffer traveling in miles per hour when he first saw the truck?

Answer: 15 to 20."

(5) "Did the front end of Mr. Snouffer's bus collide with the rear end of the truck?

Answer: Yes."

(6) "Was the collision point under the railroad bridge about 40 to 45 feet west of the driveway from which the truck emerged?

Answer: 40 feet."

(7) "At the time that Mr. Snouffer first saw the truck, was it about two-thirds into Granville Street with about one-third still in the driveway?

Answer: Yes."

The first assignment of error is that the Court erred in overruling defendant's motion for judgment notwithstanding the verdict, for the reason that the jury's special findings of fact are inconsistent with the general verdict for plaintiff and entitle defendant to final judgment in its favor as a matter of law.

We are of the opinion that this assignment of error is well founded and should have been sustained. The defendant is entitled to a judgment notwithstanding the verdict because the jury's special findings of fact are inconsistent with the general verdict for the plaintiff, to wit, the jury found that the plaintiff saw defendant's truck on the highway ahead of him when it was 30 feet away; that the plaintiff saw the truck at the extreme range of his visibility of 30 feet, (that being as far as he could see in the fog); that the plaintiff

struck the rear end of defendant's truck at a point 40 feet beyond the position of the truck when the plaintiff first saw it; that is, plaintiff could see only 30 feet because of the fog, but he went 70 feet and struck the rear end of the defendant's truck. If a person driving in a fog can see only 30 feet he must drive so that he can stop within 30 feet. If he is driving at such a speed that he cannot stop within this distance, then he has violated the law. The assured clear distance ahead rule is clearly laid down in the case of **Smiley v Spring Bed Company, 138 Oh St 81,** syllabus 2 of which reads as follows:

"To comply with the assured clear distance ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel; unless such clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith."

The jury found that the defendant entered the main highway when the plaintiff was 30 feet away and therefore the assured clear distance ahead for the plaintiff was not cut down because his visibility in the fog was only 30 feet ahead, but the jury found further that the defendant's truck had proceeded westerly on the highway 40 feet before the actual impact occurred. Therefore the plaintiff's school bus traveled not only 30 feet, the range of his visibility, but traveled an additional 40 feet, making a total of 70 feet, before the collision occurred.

The plaintiff is contending that the defendant violated §6307-43 GC, which reads as follows:

"The operator of a vehicle, street car or trackless trolley about to enter or cross a highway from a private road, driveway, alley or building shall stop and yield the right of way to all traffic approaching on said highway."

From the jurors' answers to interrogatories it is our conclusion that this section of the General Code was not violated by the defendant. The jury found that the defendant was two-thirds into the intersection when the plaintiff was 30 feet away. Naturally, when the defendant arrived at the intersection the plaintiff was over 30 feet away, because he was moving at a speed of 15 to 20 miles an hour. This would be

beyond the vision of the defendant and he had a right to enter the intersection and all oncoming traffic was bound to comply with the assured clear distance ahead rule. The Smiley v. Spring Bed case, supra, has been uniformly followed and we see no necessity of citing other cases laying down the same rule. Holding as we do that the Court erred in overruling the defendant's motion for judgment notwithstanding the verdict, the other assignments of error become academic and will not be considered further.

The judgment of the trial court is ordered reversed and judgment is ordered entered for the defendant.

HORNBECK, P. J., and MONTGOMERY, J., concur.