Chittenden, J.
The plaintiff in the court of common pleas, Mary Prus, recovered a verdict and judgment against the defendant, The Toledo Railways & Light Company, in the sum of $2,500, as damages for injuries sustained by being thrown from a street car while in the act of alighting therefrom.
The defendant admits that the plaintiff was, on-the date of the accident, to-wit, the 7th day of December, 1915, upon one of the cars of the defendant, and that in attempting to dismount’ therefrom she fell to the pavement. The defendant denies all allegations of negligence upon the part of the defendant, and pleads in the alternative that, if it was in any wise negligent, the plaintiff was guilty of negligence directly contributing to her injuries, in that she attempted to dismount from a moving car.
The first error relied upon for reversal of the judgment is that the verdict and judgment are against the weight of the evidence. Without entering into a discussion of the evidence, we deem it sufficient to state that after an examination ■of the record we are unable to find that the verdict and judgment are contrary to the evidence or are not sustained by sufficient evidence.
It is further claimed that the judgment should be reversed because of the excessive amount of the verdict. The case has been twice tried in the court *414 of common pleas, and two juries have assessed the damages of the plaintiff in the same amount,’and we are unable to find from the evidence that the verdict is so excessive in amount as to justify a reversal on that ground.
Upon the cross-examination of two physicians who were called as expert witnesses on behalf of the plaintiff, it was shown that the opinion expressed by them was based in part on statements made by the plaintiff to them as to her subjective symptoms, and her recital of the history of the case. Neither of these physicians was treating the plaintiff for her injuries, but they, were called only for the purpose of making an examination with a view to giving expert testimony. One of the witnesses states that, regardless of any statements made by the plaintiff, he thought his diagnosis would be the same, namely, that the plaintiff was suffering from traumatic neurasthenia. No motion was made on behalf of the defendant at the time of the examination of the witnesses to exclude their opinion evidence from the jury upon the ground that it was based in part upon statements made by the plaintiff to them of her subjective symptoms. At the close of the arguments, but not before, the defendant requested the court to charge the jury with respect to each of these physicians, that no weight should be given to their opinions — based in part upon the statements made to them by the plaintiff as to her subjective symptoms and the history of her case — that she has traumatic neurasthenia. These requested instructions were refused and such refusal is claimed to constitute prejudicial error. .
*415 We find no error in the action of the court in so refusing to give these requested instructions. This court has in many cases followed the decision of the'supreme court of this state in The Pennsylvania Co. v. Files, 65 Ohio St., 403, which established the rule that, 'where one who has received a physical injury calls upon a physician for the sole purpose of enabling the physician to testify as an expert in a suit for damages on account of such injury, statements made by the injured party under such circumstances in regard to his condition are not admissible in evidence. Counsel for plaintiff contend that this rule was not violated in this case, for the reason that the physicians were not called upon to testify to any statements made by the plaintiff to them; and, indeed, this is true. In direct examination it did not appear that their opinions were based in any part upon statements made by the plaintiff. This fact was elicited by cross-examination, and the cross-examination, of course, did not call for any statements made by the plaintiff to the physicians. It only developed the fact that such statements had 'been made to the physicians and that their opinion was in part based upon such statements. It may well be that a physician who is called for the purpose of examining a plaintiff with a view to giving expert testimony may find it important, and even quite necessary, to ask _ some questions of the plaintiff. Indeed the nature of the malady might be such that the statements would be the only means of determining the malady. For example, if it was claimed that there was a mental disturbance resulting from an injury, questions asked by a skillful physician *416 would be one of the proper means of determining the truth or falsity of the claim. But in general a physician when testifying as an expert should be able to state to the jury, before giving his opinion, that such opinion is based upon his examination of the plaintiff without being affected in any substantial degree by the relating to him by the plaintiff of subjective symptoms. It seems entirely clear that if the physician is precluded from relating to the jury the statements made by the plaintiff in regard to her condition, on the ground that such statements were made without the sanction of an oath and under such circumstances as tend to cause her to exaggerate her feelings, or even to make false statements with reference to them, it is equally obnoxious to correct procedure to permit the witness to give to the jury an opinion based in any substantial degree upon those same statements of the plaintiff.
We hold that the opinion evidence of Dr. Baldwin, which was based, as he said, in part upon plaintiff’s statements to him as to her subjective symptoms, was incompetent; and the opinion evidence of Dr. Ritchie, in so far as it was based in part upon similar statements of the plaintiff, was incompetent. The latter witness, however, testified that his diagnosis and opinion would have been the same even if such statements were excluded from his consideration.
This court has discussed this class of evidence in a number of cases, and especially in the case of The Toledo Railways & Light Co. v. Emma Yahnke, decided February 9, 1914, the opinion being found in Volume 5, page 98, of the un *417 published opinions of this court. We deem it unnecessary to add anything to what was said upon this subject by this court in the opinion in that case, but call attention to the following authorities cited therein, Lee v. K. C. So. Ry. Co., 206 Fed. Rep., 765; G. R. & I. Rd. Co. v. Huntley, 38 Mich., 537, 544, and Shaughnessy v. Holt, 236 Ill., 485, 21 L. R. A., N. S., 826.
The ruling of the court upon this evidence was not erroneous, however, for the reason that-objection to the evidence was not seasonably made. One can not permit incompetent evidence to be introduced in a case without objection or without seeking to have the same excluded, with reasonable promptness, and at the conclusion of the trial— especially after argument of the case in which it is to be presumed that such evidence, together with all other evidence, was analyzed and discussed before the jury — predicate error upon the refusal of the court to exclude such evidence from the jury at that stage of the trial. (State v. Kollar, 93 Ohio St., 89, 91, and 5 Enc. of Evidence, page 616.) Such an application to exclude the evidence should in all fairness be made while the witnesses are in court and the opportunity is available for the party who called the witnesses to reexamine them, if he sees fit, on the -point in question, and avoid the loss of their testimony in so far as it is competent.
Upon the cross-examination of the plaintiff she was asked if she had ever received any other injury, and she answered in the negative. Thereupon she was -confronted with a statement signed by her in which was set forth an injury received by her in 1912, because of being thrown from a. *418 car while in the act of alighting therefrom; also by a receipt for $40 in full settlement of a claim made by her against The Toledo Railways & Light Company for such injury. The defendant thereafter called a conductor in its employ and sought to prove by him that on the date and at the time of such claimed accident there was in fact no such accident. This evidence was excluded, and it is claimed that the court erred in so doing. The evidence as to the former accident was entirely collateral to the issues involved in the case on trial and was claimed to be competent only for the purpose of impeaching the plaintiff and tending to show that her claim was fraudulent. The rule governing the cross-examination of a party upon matters collateral, to the issue is well stated in Jones on Evidence, Section 827, as follows:
“Although witnesses may often be questioned, on cross-examination, as to matters collateral to the issue, for the purpose of testing their credibility, it is a well-settled rule that witnesses can not be interrogated as to matters wholly irrelevant, merely for the purpose of contradicting them by other evidence. Hence, if questions of this character are answered, the answer can not be contradicted by the cross-examiner. * * * Any other rule would lead to the trial of innumerable issues, the distraction of the attention of the jury from the main question on trial, and would subject witnesses to the injustice of being compelled to be prepared on all occasions to support this testimony by that of other witnesses upon subjects having no connection with the issue,”
*419 The court was undoubtedly correct in its limitation of the examination upon this collateral question.
Plaintiff in error complains of the general charge upon the subject of the assessment of damages for future pain and suffering. The charge upon that subject is as follows:
“If you find from the testimony that those injuries are permanent you can incorporate in your assessment of damages for such future pain and suffering as you find from the evidence is liable to^ ensue.”
And again:
“You may include what, if any, amount the testimony shows such expense to have been, together with any amount which you may find from the testimony she is reasonably liable to incur in the future therefor.”
The rule upon this subject has been so clearly stated by the supreme court in the case of Pennsylvania Co. v. Files, supra, that little need here be said with reference to this part of the charge. In that case the rule as stated in the syllabus is:
“Where prospective damages from an injury are claimed, they should be limited by the court in its charge tó such as may be reasonably certain to result from the injury.”
This rule has been often followed by this court, and we especially call attention to the discussion of the rule in the opinion in the case of The Toledo Railways & Light Co. v. Edward Poland, Gdn., etc., ante, 397. The word “liable” used by the court in the case at bar is no more than the equivalent of “may.” By the use of this word in the charge *420 the jury were justified in considering any damage that might by any contingency or possibility ensue in the future.
In addition to the cases cited in the opinion in the Poland case we call attention to the following:
Green v. Catawba Power Co., 75 S. C., 102, in which case the word “liable” was used in the charge in the same sense as in this case and its use was condemned and held to be prejudicial error. Also Ayers v. D., L. & W. Rd. Co., 158 N. Y., 252; Stutz v. C. & N. W. Ry. Co., 73 Wis., 147; Louisville So. Rd. Co. v. Minogue, 90 Ky., 369; Ford v. Des Moines, 106 Iowa, 94, and McBride v. St. Paul City Ry. Co., 72 Minn., 291.
Counsel for defendant in error call attention to the concluding statements in the opinion of the supreme court in Pennsylvania Co. v. Files, in which it is said that inasmuch as the attention of the trial court was not called to the error in the charge upon the subject of future damages at the time the •charge was given, they might not, if that were the only error, have reversed the judgment. It is claimed that the attention of the trial court in the case at bar was not called to this error and that the judgment ought not to be reversed for .that reason. In some classes of personal injury cases we might entirely agree with the contention of counsel. For example, if the permanency and extent of an injury are manifest, and the injury is of some such character as to show that future damage must follow, as, for instance, in the loss of a limb or an eye, we might not be disposed to disturb the verdict for an error of the kind just mentioned. In the case at bar, however, the immediate physical injury does not *421 appear to have been very great, and the principal damage arises solely from an alleged nervous disturbance claimed to be the result of such injury. Neurasthenia, which the plaintiff • claims resulted from her injuries, is well known to be of such dharacter that its duration is extremely uncertain. If therefore becomes important not only that the expert evidence should 'be kept within proper and legal bounds, but that the charge of the court on the measure of damages should be correct and accurate. As was said in the Poland case, the witnesses testifying upon this subject may not, upon all features of the question, be inclined to speak with entire certainty. Nevertheless, when the court comes to state the rule of law to the jury it must be stated with accuracy.
We therefore hold that the charge as given was erroneous and prejudicial to the rights of the plaintiff in error, and for that reason the judgment will be reversed and the cause remanded for new trial.

Judgment reversed, and cause remanded.

Kinkade and Richards, JJ., concur.