## ENSIGN v NEW YORK LIFE INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16109.  Decided Oct 4, 1937

Thomas Hahn, Cleveland, Charles Easley, Cleveland, and Lurie & Zaller, Cleveland, for plaintiff-appellee.

J. R. Kistner, Cleveland, for defendant-appellant.

### OPINION

By LIEGHLEY, J.

The majority of this court are constrained to reverse the judgment in this case for the reason that in our opinion there was prejudicial error committed in and during the voir dire examination of the jury and the cause is remanded for re-trial.

The last two cases decided by the Supreme Court of Ohio, dealing with this question, seem to have established a clear and fair rule that counsel in the voir dire examination of the jury have a right to propound general inquiries to ascertain whether any one or more of the prospective jurors have any interest or hold any stock or are directly or indirectly concerned in the affairs of any casualty company. If the answer is in the negative, the examination is concluded in this regard.

If either one or more of the jurors answer the general questions in the affirmative, counsel may then proceed further to fully ascertain the interest and the kind of interest which the juror or jurors may have in such company, with a view to determining whether or not any bias or prejudice exists. The extent to which these specific inquiries in respect to their relations with the specific casualty company men-

tioned may extend rests in the sound discretion of the trial judge.

Dowd-Feder, Inc. v Truesdell, 130 Oh St 530.

Morrow v Hume, Admr., etc., 131 Oh St 319.

The record in this case seems to disclose that a specific casualty company was unnecessarily injected into the inquiry. It was injected by counsel and not by a juror.

The name of one Miller appearing on some motion or pleading and his presence in the court room is urged as justification therefor. Instead of boldly announcing that Miller is an adjuster for the Employers' Liability Assurance Company out of a clear sky, it would have been an easy matter to inquire whether he was known by either of them in any way. His right to be in the trial room cannot be challenged. It was for the defendant, The New York Life Insurance Company, to question his name in the record as its attorney at any stage of the proceedings, but the presence of his name as its attorney the plaintiff was privileged to disclose. However nothing in this justifies bringing in the casualty company in the manner it was done.

Further, counsel first injects the casualty company and then proceeds with a line of specific questions to the jury respecting it and their interest in this company, leaving little doubt in the minds of the jurors that this company was surety back of the defendant.

Eventually, counsel for defendant moved for leave to withdraw a juror and continue the case for misconduct of counsel. This motion was overruled. The jury was subsequently sworn.

When this jury was sworn, being mindful of the incidents attending their qualification, a picture must have stood out before them of a severely injured plaintiff opposed by two powerful insurance companies of almost limitless wealth. Perhaps they also saw in that picture, from the character of the examinations and the insinuations and inferences which they may have deduced, a concerted effort on the part of these two powerful corporations to thwart the cause of justice and deprive the injured plaintiff of her just dues.

The casualty company was not a party to this case and should not have been under the showing made injected into the case. Injecting it in the manner it was done without warrant, compels an irresistible suspicion of prejudice in the jurors against

the defendant and in favor of the plaintiff.

In short, the whole examination seems to us to present a situation prejudicial to the defendant. It unnecessarily, and without warrant, as no juror had indicated any interest in said company, created a situation where the jury might feel justified in recklessly determining the issue of liability and recklessly deciding the amount of compensation and especially so when the method and manner of the conduct of this examination is examined in a dispassionate and non-partisan way.

TERRELL, J, concurs in judgment.
LEVINE, PJ, dissents.