**PAULE v KOBLENZER, et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16550. Decided January 16, 1939.

Harrison & Marshman, Cleveland, for appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for appellants.

(Judges of the Ninth District sitting by designation in place of Judges of the Eighth District.)

## OPINION

By STEVENS, PJ.

This case is before this court as an appeal upon questions of law.

The record indicates that on or about the 16th day of July, 1935, at about 1:30 p. m., a passenger automobile operated by plaintiff collided with a delivery truck operated by defendants' employee at the intersection of Fulton road and Clark avenue; that the delivery truck at said time was being operated by the defendants' employee in the scope of his employment.

Fulton road and Clark avenue intersect at right angles, and over the center of the intersection there is suspended an electric traffic light for the purpose of directing the movement of traffic upon said streets. Plaintiff, and defendants' agent, each claim to have been proceeding through said intersection with the green light in his favor. In the collision plaintiff sustained property damage and personal injuries for which he sought recovery in this action.

Trial to a jury resulted in a verdict in favor of the plaintiff for $4,000, upon which judgment was thereafter entered, and it is to procure a reversal of that judgment that this appeal is here prosecuted.

Six errors are assigned:

"(1) The judgment is against the weight of the evidence."

Upon that claim, we find that the record reveals credible evidence on the part of both parties which is in direct conflict, and we cannot say that the jury's finding upon that subject is manifestly against the weight of the evidence.

"(2) The damages awarded are excessive and were given under the influnce of passion and prejudice."

We find from the record no indication of passion and prejudice, and we are unable to say that, in the light of all the evidence, the damages awarded are excessive.

"(3) The court erred in its charge on the question of damages, and further in refusing to charge as requested by defendants with respect thereto."

Plaintiff, in the petition, alleged that his injury "will be permanent," and in charging upon the subject of permanency the trial court in its general charge told the jury to consider "whether the injury is permanent or temporary." The Supreme Court of Ohio has laid down the rule that:

"2. Where prospective damages from an injury are claimed, they should be limited by the court in its charge to such as may be reasonably certain to result from the injury."

**The Pennsylvania Co. v Files, 65 Oh St 403.**

The trial court did not so charge in the instant case, and its refusal to so charge, especially after attention was called to the omission by counsel for appellants, constituted error.

"(4) The court erred in refusing to charge on the question of speed."

"(5) The court erred in refusing to charge on the question of contributory negligence."

There was evidence contained in this record indicating that the plaintiff was proceeding across said intersection at a rate of speed of from 25 to 30 miles an hour, and the record shows the locus of this accident to have been in a closely built-up area where the prima facie lawful rate of speed was 20 miles an hour or less.

An anomalous situation is presented by the record herein because one of counsel for the appellants, in his opening statement and in argument to the jury, stated

that there was but one issue for the jury to determine, and that was. who crashed the light.

The court adopted counsel's theory of the case and charged in accordance therewith. However, the evidence raised the question of the contributory negligence of plaintiff, because there was evidence that plaintiff's car was proceeding through said intersection at a rate of speed greater than that which was prima facie lawful. We think the court erred in refusing to ▉ charge upon the subject of speed, and upon the subject of contributory negligence of the plaintiff and the consequences thereof, when request was made for such charges by counsel for the defendants, even though such request was made so late in the trial.

Upon the sixth claim of error, i. e., that the court erred in its charge on the preponderance of the evidence by limiting defendants to their own evidence, while we do not desire to be understood as approving of any charge which, on the subject of preponderance, limits defendants to their own evidence, and does not give to the defendants the benefit of evidence introduced by the plaintiff, we find in this record no error prejudicial to the appellants in that connection.

This being a case where conflicting evidence from apparently credible witnesses was introduced, it was of prime ▉ importance that the court charge fully and correctly upon all of the rules of law necessary to guide the jury in arriving at a proper verdict, and in view of the entire situation disclosed by this record, we hold that the errors in the court's charge, to which reference has been made, were prejudicial to the substantial rights of the appellants, and require a reversal of this judgment.

Judgment reversed, and cause remanded.

WASHBURN, J. & DOYLE, J., concur.