By the Court.
 

 This action was brought by the guest of a third person not a party hereto, and therefore if plaintiff was free from contributory negligence she could maintain an action against the defendant provided he was guilty of actionable negligence, even though the driver of the car in which plaintiff was riding was himself guilty of negligence directly contributing to produce the injury. In view of the evidence as to the condition of the weather, the rate of'
 
 *270
 
 speed at which, the defendant was driving and the position of his vehicle in the center of the road, coupled with the fact that the plaintiff was not the driver of the automobile in which she was riding, the trial court did not err in refusing to direct a verdict for the defendant.
 

 Plaintiff, on direct examination, was interrogated thus: “Q. What was your belief that your father would do when he arrived at that intersection?” (Defendant by counsel objected to the question. The objection was overruled and the witness was permitted to answer.) “A. I thought he would stop.”
 

 This testimony was inadmissible on direct examination, as the thoughts of plaintiff were incompetent at that stage of the proceedings, but in the state of the record no prejudice resulted from the court’s overruling the objection to the question.
 

 The defendant objected to Christine Hanna’s testimony to the effect that the condition of her nerves and health was very poor, the objection being made on the ground she was not a party to the action and the testimony would tend to create sympathy on the part of the jurors. There is nothing prejudicial in the admission of this testimony.
 

 Defendant also contends that the trial court erred in not permitting the use of the deposition testimony of Pauline Hanna and Christine Hanna. The court ruled that the credibility of a witness can not be impeached by showing a contradictory statement when the witness answers a question, “I don’t know,” “I don’t remember” or “I don’t believe so.” In this ruling the trial court committed prejudicial error. The trial court may properly exclude impeaching evidence of this character when the witness sought to be impeached admits making the statements attributed to him; otherwise not.
 

 The trial court gave to • the jury certain special
 
 *271
 
 charges before argument over the objection of the defendant. They are as follows:
 

 Plaintiff’s request No. 1. “You are instructed that every person in the lawful use of the highways in this state has the right to assume that every other person using said highways will do so in a lawful manner.” This request was incomplete in that it did not contain the words, “in the absence of notice or knowledge to the contrary” or similar language.
 
 Swoboda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 196 N. E., 274, eighth paragraph of the syllabus.
 

 Plaintiff’s request No. 2. “You are instructed that at the time of the collision in this case it was the duty of the defendant, David Oaplan to maintain his car on the north half of the highway on which he was proceeding and if he failed to do so he was then and there guilty of negligence as a matter of law.” This charge is based upon Section 6310-17, General Code, which provides in substance that vehicles shall keep to the right of the center of the highway, except as otherwise provided. The contention of the defendant is that an emergency existed such as the turning to the left -to avoid a collision, and therefore the charge is incomplete.
 

 There is no evidence in the record to show that the defendant turned to the left to avoid a collision and no evidence was introduced which would make it lawful for the defendant to be on the left side of the road at the time of the collision. The charge was complete and in proper form in view of the evidence.
 

 Plaintiff’s request No. 3 is framed in the language of Section 12603, General Code, and reads as follows: “No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of’the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and
 
 *272
 
 upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.”
 

 The doctrine, of assured clear distance has no application to drivers of automobiles approaching an intersection on different intersecting roads under ordinary circumstances. Surely it did not apply to the defendant with reference to the automobile driven by Hanna, for the defendant had the right of way so long as he proceeded in a lawful manner; but the doctrine did have application to each driver in operating his automobile through the fog. There was evidence that the foggy condition was such that a driver of an automobile- could see but a short distance ahead. The statute therefore required each driver to operate his automobile at such a speed that he could stop within the assured clear distance ahead considering the fog. There was error in giving the charge without proper explanation, and the general charge, though setting out the section in full, did not supply the required explanation.
 

 Plaintiff’s requests numbers 4, 5 and 6 may be considered together. Request No. 4 quotes Section 12614-3, General Code, which among other things requires an automobile to have lights visible at least two hundred feet from the front. Request No. 5 quotes Section 6310-1, General Code. No prejudicial error resulted from giving numbers 4 and 5 although ordinarily a statute should not be given to the jury without an explanation of its application.
 

 Request No. 6, reads: “Motor cars whether driven or parked are substantial discernible objects within the purview of Section 6310-1, and. under the provisions of that section it becomes the duty of drivers to maintain on their
 
 motor vehicles at night or in a fog sufficient headlights to show such objects ahead of them for a distance of at least two hundred feet, and
 
 
 *273
 

 if they fail to do so, they are guilty of negligence per se.”
 
 (Italics ours.)
 

 The giving of number 6 constituted prejudicial error for the reason that the statutes do not require that the headlights should be sufficient to disclose a substantial object two hundred feet ahead in a fog.
 

 Plaintiff’s request No. 7, reads: “ ‘Right of way’ means the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction it is moving in preference to another vehicle approaching from a different direction into its path. You are therefore instructed that if you find that the defendant in approaching or entering the intersection where the collision in this case took place was not
 
 proceeding in a lawful manner,
 
 he therefore did not enjoy any preferential status or privilege over the driver of the other car which the statutes of Ohio might have otherwise given him.” (Italics ours.)
 

 This request is objectionable for the reason that it does not explain what acts would be.unlawful and work a forfeiture of the preferential right; it should not be left to the jury to determine what was or was not lawful and in accord with the statutes. The explanation, however, might well be given in other instructions by the court; but the record does not show such an explanation was anywhere made so as to clarify the request.
 

 Plaintiff’s request No. 11, reads as follows: “The term proximate cause as used in a negligence case is only such negligence as in a natural and continued sequence caused or contributed to the injury complained of without any intervening new cause, and without which the injury would not have occurred.”
 

 This request is inaccurate and should not have been given. Proximate cause and negligence are wholly different elements and should not be confused.
 

 The court in the general charge did not quote the answer of the defendant with absolute correctness and
 
 *274
 
 improperly charged on the doctrine of assured clear distance ahead as heretofore indicated in discussing request No. 3. The charge also contains some erroneous matter, the nature of which has been brought out in the discussion of other requests of plaintiff.
 

 The following portion of the trial court’s general charge is prejudicially erroneous: “If the defendant was proceeding in violation of law, the relative distances of the two vehicles from the intersection at the first opportunity of each to observe the approach of the other and the relative speed and which vehicle entered the intersection first, are elements which you must consider in determining which vehicle had the right of way.” The- defendant’s automobile had the right of way; but his preferential right was forfeited if he proceeded in violation of law. In the event of such forfeiture by the defendant, neither driver would have the right of way as to the other. This latter principle was' ignored in the charge.
 

 We have examined all questions made and find no error except as herein stated.
 

 For prejudicial error in the rejection of impeaching evidence, in giving requests numbers 1, 3, 6, 7 and 11 and in charging the jury in the respects pointed out, the judgments of the courts below will be reversed and the cause remanded for new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.