YATES, Plaintiff-Appellee, v. IRVIN, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2014.   Decided December 29, 1948.

Clifford R. Curtner, Dayton, for plaintiff-appellee.
Pickrel, Schaeffer & Ebeling, Philip C. Ebeling, Dayton, for defendant-appellant.

### OPINION

By MILLER, J.

This is a law appeal from the Court of Common Pleas of Montgomery County. The action was one for personal injuries arising out of an automobile collision. The defendant

admitted liability, so the only question at issue was as to the extent of the damages. A jury trial was had which resulted in a verdict for the plaintiff.

The record discloses that on the voir dire examination of the jury, counsel for the plaintiff, without laying any foundation for the same, asked the general question, "Are any of you people stockholders or employees of the Buckeye Union Casualty Company?" There had been no disclosure in open court up to that time that an insurance company was involved in the case, nor had any member of the jury panel disclosed any interest in or connection with any insurance company or with this particular insurance company. Counsel for the defendant immediately objected and moved for the withdrawal of a juror, which motion was overruled. This the appellant urges constituted prejudicial error.

The record discloses that during the course of the argument on the motion Mr. Altick, one of counsel for the defense, made the following statement in the absence of the jury:

"I'd like to have the record show that on behalf of the defendant, in so far as he is not protected by insurance, I join in the motion that a juror be withdrawn and a mistrial declared, for the reason that the mention of the specific name of the Buckeye Union Casualty Company is prejudicial to the defendant in so far as he might be liable to satisfy a judgment in excess of the policy limits."

It therefore became apparent that the Buckeye Union Casualty Company was defending within the policy limits. The specific question herein presented is whether the question was prejudicial to the rights of the defendant.

The cases of **Dowd-Feder, Inc. v. Truesdell, 130 Oh St 530,** and **Morrow v. Hume, 131 Oh St 319,** represent the last pronouncement of the Supreme Court on the questions of the propriety of examination of a prospective juror on voir dire examination as to any connection with insurance companies. In the Dowd-Feder case, supra, it is said in syllabi 2 and 3:

"2. In the examination of a juror upon his voir dire, in cases involving property damage, personal injury or both, he may be asked the general question whether he has or has had any connection with or interest in a casualty insurance company. If the answer be in the affirmative, the juror may then be asked the name of such company and the nature of

his 'connection with or interest therein.' (Paragraph three of the syllabus of **Pavilonis v. Valentine, 120 Oh St, 154,** and paragraph three of the syllabus of **Vega, Admr., v. Evans, 128 Oh St, 535,** modified.)

"3. All questions in the voir dire examination must be propounded in good faith. The character and scope of such questions cannot become standardized, but must be controlled by the court in the exercise of its sound discretion, the court having for its purpose the securing to every litigant an unbiased jury."

This case has been cited by counsel for both parties as sustaining their point of view, the appellant relying upon the second syllabus, and the appellee relying upon the third. We think that a proper interpretation has been given to the law announced in the Dowd-Feder case, supra, in the case of **Ensign v. New York Life Insurance Company, 26 Abs 281.** At page 282, Lieghley, J., says:

"The last two cases decided by the Supreme Court of Ohio, dealing with this question, seem to have established a clear and fair rule that counsel in the voir dire examination of the jury have a right to propound general inquiries to ascertain whether any one or more of the propspective jurors have any interest or hold any stock or are directly or indirectly concerned in the affairs of any casualty company. If the answer is in the negative, the examination is concluded in this regard.

"If either one or more of the jurors answer the general questions in the affirmative, counsel may then proceed further to fully ascertain the interest and the kind of interest which the juror or jurors may have in such company, with a view to determining whether or not any bias or prejudice exists. The extent to which these specific inquiries in respect to their relations with the specific casualty company mentioned may extend rests in the sound discretion of the trial judge.

"**Dowd-Feder, Inc. v. Truesdell, 130 Oh St 530. Morrow v. Hume, Admr., etc., 131 Oh St 319.**

\* \* \*

"The casualty company was not a party to this case and should not have been under the showing made injected into the case. Injecting it in the manner it was done without warrant, compels an irresistible suspicion of prejudice in the jurors against the defendant and in favor of the plaintiff. In short, the whole examination seems to us to present a situation prejudicial to the defendant. It unnecessarily, and

without warrant, as no juror had indicated any interest in said company, created a situation where the jury might feel justified in recklessly determining the issue of liability and recklessly deciding the amount of compensation and especially so when the method and manner of the conduct of this examination is examined in a dispassionate and non-partisan way."

In the Ensign case as in the case at bar counsel for the plaintiff stated the name of the specific casualty company without first asking a general question.   We are in accord with the procedure as announced in the Ensign case, supra, and therefore hold that the question was asked unnecessarily and without warrant, as no juror had indicated any interest in said casualty company.   We believe this constituted prejudicial error which requires a reversal.

It is further charged that the Court erred in allowing plaintiff's special instruction on damages and in failing to properly charge on damages in the general charge.   The record discloses at the close of all the evidence, at plaintiff's request, the Court gave the following instructions on the question of future damages:

"She is entitled to compensation for the pain suffered in the past and the pain for which she will suffer in the future."

The appellant is contending that the special charge is an incorrect statement of the law as relating to prospective damages since it does not limit them to such as the evidence shows are reasonably certain to result from the injury.   We think this assignment of error is well grounded.   The leading case on this subject is that of the **Pennsylvania Co. v. Files, 65 Oh St 403,** which announces the rule to be applied in this case:

Syl. 2.   "Where prospective damages from an injury are claimed, they should be limited by the court in its charge to such as may be reasonably certain to result from the injury."

In the case of **Ottgen v. Garey, 41 Oh Ap 499,** it is said at page 505:

"The rule of law adopted by the courts of this state is that where prospective damages from an injury are claimed they should be limited by the court in its charge to the jury to such as the evidence shows are reasonably certain to result from the injury."

See. also, **Toledo Railways & Light Company v. Prus, 7 Oh Ap 412; Toledo Railways & Light Company v. Poland, 7 Oh Ap 397; Paule v. Koblenzer, 28 Abs 664.** The special instructions given by the Court before argument in the instant case do not limit compensation for future damages to those which are reasonably certain to result from the injury. The record shows that a general exception to the charge was made by one of counsel for appellant, so the record was properly saved.

Requested charges should be complete and state the law correctly and clearly within themselves, and the giving of one which fails to do so to the prejudice of the adverse party is ground for reversal. **Krekeler v. Cincinnati Traction Co., 16 Oh Ap 125;** Ohliger v. Toledo, 20 O. C. C. 142. The quantum of proof was not properly defined in the general charge, which is also claimed to be error. On this subject the Court said in its general charge:

"If you find that plaintiff suffered injuries as a result of the accident, you will award her such damages as the proof tends to show that she is fairly and justly entitled to receive. The sum or measure of damage is just compensation, in money, for the actual loss sustained by reason of the injuries which flow as proximate and natural consequences of the negligence of the defendant, or such an amount as will make the plaintiff whole. Take into consideration the nature of the injuries; whether they are permanent or otherwise; how they will affect the plaintiff, if at all; physical pain or suffering, if any; loss of earnings and expenses of medical and hospital care."

This. however, was an error of omission and not commission and it became the duty of counsel to call the Court's attention to the same. **Columbus Ry. Co. v. Ritter, 67 Oh St 53; Portney v. Frank, 77 Oh Ap 357.**

We therefore find no prejudicial error in the general charge, but do find that the special charge did not correctly state the law, and that the same constitutes prejudicial error.

We find no merit to any of the other assigned errors. For the foregoing reasons judgment is ordered reversed.

WISEMAN, PJ, concurs. HORNBECK, J, concurs in final judgment.