Matthias, J.
The issue presented in this cause may be framed as follows:
Was plaintiff’s conduct such as to constitute contributory negligence and in such manner as to have proximately contributed to his own injuries as a matter of law?
The state of the record is such as to establish defendant’s negligence. For its driver to have moved his truck into an intersection under conditions of fog in such density as to obscure stop signs, guardrails and even in fact the state highway itself justified the jury’s finding of a failure to exercise ordinary care.
Plaintiff’s conduct, in view of the jury’s answers to th® *386 interrogatories, clearly amounted to contributory negligence as a matter of law. Tbe jury found that plaintiff’s speed upon entering the intersection in question was 32 miles an hour. (Answer to interrogatory No. 1.) The undisputed testimony indicates that plaintiff’s visibility was 20 to 30 feet ahead. The record discloses that an automobile traveling at 30 miles an hour requires 83 feet in which to stop. Plaintiff’s speed, therefore, would have required a stopping distance virtually three times greater than his actual vision ahead allowed.
The assured-clear-distance rule is found in Section 4511.21, Revised Code. It provides in part as follows:
“No person shall operate a motor vehicle * * * in and upon the streets and highways * # * at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.”
The assured-clear-distance statute constitutes a specific requirement of law, a violation of which constitutes negligence per se. Gumley, Admr., v. Cowman, 129 Ohio St., 36, 193 N. E., 627. And a plaintiff who violated the statute was, in the absence of a legal excuse therefor, guilty of contributory negligence as a matter of law. Kormos v. Cleveland Retail Credit Men’s Co., 131 Ohio St., 471, 3 N. E. (2d), 427. And such statute is to be strictly construed. Smiley v. Arrow Spring Bed Co., 138 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960; Bickel v. American Can Co., 154 Ohio St., 380, 96 N. E. (2d), 4.
We have held that Section 4511.21, Revised Code, has no application under ordinary circumstances to intersection cases. Blackford v. Kaplan, 135 Ohio St., 268, 20 N. E. (2d), 522. The term, “ordinary circumstances,” referred to has been defined in Sherer v. Smith, a Minor, 155 Ohio St., 567, 99 N. E. (2d), 763, in paragraph one of the syllabus:
“1. The ‘assured-clear-distance-ahead’ rule * * * has no application in a situation where a person, motor vehicle or other object suddenly enters the path of another motor vehicle in such manner that the operator of such other motor vehicle is afforded no reasonable opportunity to stop his vehicle and avoid a collision.”
It is to be noted that in such an instance the driver’s assured clear distance ahead is cut off or interfered with due to no *387 fault of his own. Hence the duty imposed upon the driver by the statute is not in fact violated. However, in a situation where intersections or vehicles entering into intersections are obscured to the driver because of existing weather conditions or hills or curves in the road ahead, Section 4511.21 again becomes applicable and requires the driver, under such conditions, to reduce speed so that he may comply with the mandate of the statute. Blackford v. Kaplan, supra (135 Ohio St., 268); Skinner v. Pennsylvania Rd. Co., 127 Ohio St., 69, 186 N. E., 722.
The assured-clear-distance statute and the decisions of this court applicable thereto received careful and thorough analysis by Judge Hart in the case of Smiley v. Spring Bed Co., supra (138 Ohio St., 81). In that well reasoned opinion, at page 88, Judge Hart pointed out that the common-law principle, which grants the driver of an automobile the right to assume, until he has notice to the contrary, that others on the highway will obey the law, has little if any legal effect because of the application of the assured-clear-distance statute. We quote, as follows, from that opinion, at page 88:
“* * * The statute is a safety regulation and imposes upon the operator of a motor vehicle at all times the unqualified obligation to be able to stop his car within the distance that discernible objects may be seen. By force of the statute the motorist may therefore assume nothing that is not assured to him by the range of his vision.”
Referring to the circumstances under which compliance with the statute may be excused, Judge Hart stated:
“* * * such exceptions must arise out of sudden emergencies which change the situation for the operator of the motor vehicle, but which do not arise by reason of his own failure or neglect to comply with the rule.”
In other words, one can excuse himself from compliance with the statute in only those instances in which his assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some reasonably discernible obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith. Smiley v. Spring Bed Co., supra (138 Ohio St., 81); Bickel v. American Can Co., *388 supra (154 Ohio St., 380); Erdman v. Mestrovich, 155 Ohio St., 85, 97 N. E. (2d), 674, 31 A. L. R. (2d), 1417.
Do the facts in the instant case give rise to a situation in which the plaintiff herein may be excused from compliance with the statute? In this regard, we must turn to defendant’s interrogatory No. 4 submitted to and answered by the jury at the trial of this cause. That interrogatory was phrased and answered as follows:
“4. When the defendant’s truck entered the intersection, was it beyond the vision of the plaintiff because of the fog? Answer: Yes.”
The jury, therefore, found, in effect, that plaintiff’s vehicle was farther than 30 feet from the intersection when defendant’s truck reached that point. Consequently, the truck did not enter the intersection within plaintiff’s assured clear distance ahead but in fact beyond it. There was then no cutting off and no interference with plaintiff’s assured clear distance ahead and, therefore, no legal excuse for plaintiff’s noncompliance with Section 4511.21, Revised Code, has been made out.
We take note of the fact that the evidence introduced at the trial pertaining to defendant’s speed upon entering the intersection was in conflict. However, the jury resolved the issue by its answer to interrogatory No. 4. To the effect that this court is bound by the answers to interrogatories so long as there is some evidence to support the answers, see Roma v. Industrial Commission, 97 Ohio St., 247, 119 N. E., 461.
We find little merit in plaintiff’s contention that the defendant’s large bakery truck was not a “discernible object” under the facts herein. In McFadden, Admx., v. Elmer C. Breuer Transportation Co., 156 Ohio St., 430, at page 435, 103 N. E. (2d), 385, we find this language:
“In most instances the question of whether the object with which the collision occurs is reasonably discernible gives little difficulty. A train on a highway crossing or a truck or an automobile on the highway in the driver’s path can be considered reasonably discernible without more evidence than the fact of its presence.”
Plaintiff’s final and most strongly urged contention in this *389 appeal concerns the issue of proximate cause. Plaintiff contends that in order for contributory negligence to defeat plaintiff’s recovery, it must be proved by a preponderance of the evidence that such negligence contributed proximately to the plaintiff’s injury. With such a principle we, of course, firmly agree. However, plaintiff contends further that such question of proximate cause is one for the jury and not for the court. We have held that, in those instances in which reasonable minds could differ on the issue of proximate cause, the issue then is one which is properly submitted to the trier of facts. Glasco v. Mendelman, 143 Ohio St., 649, 56 N. E. (2d), 210; White v. Ohio Power Co., 171 Ohio St., 148, 168 N. E. (2d), 314. The trial judge, in the case at bar, quite properly in view of the state of the evidence did in fact submit the question of proximate cause to the jury in the form of “special instruction No. 6.”
The point of importance, however, is that the jury’s verdict in favor of the plaintiff is clearly inconsistent with its own special findings of fact. Those special findings determined in effect (1) that the plaintiff violated the assured-clear-distance statute by traveling at a speed which would have required a stopping distance three times greater than his actual vision afforded (interrogatories Nos. 1, 2 and 4), and (2) that there was no cutting off of plaintiff’s assured clear distance ahead and defendant’s truck in fact entered the intersection beyond plaintiff’s assured clear distance (interrogatory No. 4).
We are convinced that had plaintiff been proceeding lawfully and exercising ordinary care this unfortunate accident could have been avoided. Plaintiff’s negligent operation of his vehicle in virtually “driving blind” into a fog bank contributed proximately to his own injury. Upon this point, in view of the special findings of fact, reasonable minds could not differ. '
In an analogous case involving fog conditions, the Supreme Court of Pennsylvania, through Judge Maxey, stated:
“ ‘* * * Fog is fog and its obscurative qualities are known to all individuals who possess even the slight amount of intelligence legally required to qualify one to drive an automobile on the public highways. When plaintiff drove his car into a fog bank which hid a truck from his view, he simply spurned *390 prudence and relied on chance. That chance failed him is his misfortune, not defendant’s fault.’ ” Notarianni v. Ross, 384 Pa., 63, at page 66, 119 A. (2d), 792.
It may he said with some justification that the assured-clear-distance statute creates a harsh rule. But, in the language of the late Judge Stewart in Bickel v. American Can Co., supra, “it is a rule, however, not formulated by the courts but declared by an enactment of the General Assembly which doubtless had in mind the creation of a hard and strict rule of conduct in order to attempt to lessen the tragic increase of automobile casualties which so grievously afflict this nation.”
In view of the jury’s special findings of fact, the defendant’s motion for judgment in its favor notwithstanding the verdict should have been sustained. The evidence which could be the basis of a judgment notwithstanding the verdict must be such that reasonable minds could not reach different conclusions. Wilkeson, Admr., v. Erskine & Son, Inc., 145 Ohio St., 218, 61 N. E. (2d), 201.
To the effect that a reviewing court should consider special findings in determining whether a judgment notwithstanding the verdict should have been rendered, see Robertson v. City Produce & Commission Co., 78 Ohio App., 471, 70 N. E. (2d), 778; and Snouffer v. Potter Lumber & Supply Co., 77 Ohio App., 546, 64 N. E. (2d), 77. In the latter case, one quite similar to the one at bar, the late Judge Miller, in an opinion concurred in by Judge Montgomery and Judge Hornbeck, stated:
“* * * The defendant is entitled to a judgment notwithstanding the verdict because the jury’s special findings of fact are inconsistent with the general verdict for the plaintiff, to wit, the jury found that plaintiff saw defendant’s truck on the highway ahead of him when it was 30 feet away; that the plaintiff saw the truck at the extreme range of his visibility of 30 feet (that being as far as he could see in the fog); and that the plaintiff’s bus struck the rear end of defendant’s truck at a point 40 feet beyond the position of the truck when the plaintiff first saw it, that is, plaintiff could see only 30 feet because of the fog, but he,went 70 feet and his bus struck the rear end of defendant’s truck. If a person driving in a fog can only see 30 feet he must drive so that he can stop within 30 *391 feet. If lie is driving at such a speed that he cannot stop within that distance, then he is violating the law.”
In summary, plaintiff lost his preferential rights by proceeding unlawfully in violation of the assured-clear-distance statute. Thereupon, the relative obligations of the drivers of the converging vehicles at the intersection were governed and determined by the rules of common law. That is to say, each driver owed the other a duty of exercising ordinary care. Both plaintiff and defendant’s driver in this cause failed to exercise such care in view of the fact that the intersection was obscured by fog. Both drivers were virtually “driving blind.”
The issue of proximate cause was properly submitted to the jury because of the conflict in evidence as to the defendant’s speed upon entering the intersection. That conflict was resolved by the special findings of fact by the jury. The jury’s verdict is inconsistent with such findings since the findings in effect determined that plaintiff violated the assured-clear-distance statute and failed to exercise ordinary care under the circumstances, and that such failure contributed proximately to plaintiff’s injuries.
The motion for judgment notwithstanding the verdict should have been sustained. Consequently, the judgment of the Court of Appeals, which affirmed the judgment of the Court of Common Pleas, is reversed.

Judgment reversed.

Weygandt, C. J., Taet and Herbert, JJ., concur.
Zimmerman and Bell., JJ., concur in paragraph three of the syllabus but dissent from paragraphs one, two and four thereof and from the judgment.
O’Neill, J., not participating.