KNOTTS, APPELLEE, *v.* VALOCCHI, APPELLANT.

(No. 688—Decided February 19, 1963.)

*Mr. Owen C. Neff* and *Mr. Alfred E. Dahling*, for appellee.
*Messrs. Strader & Ostrander* and *Messrs. Arter, Hadden, Wykoff & Van Duzer*, for appellant.

FRANCE, J. This appeal is from a judgment in favor of the plaintiff, appellee herein, rendered on the verdict of a jury in the amount of $42,000 for personal injuries resulting from an automobile collision at an intersection controlled by a traffic signal light. Each party claimed, in pleadings and evidence, the existence of a green traffic signal in his or her favor and each denied any knowledge of the approach of the other.

Six assignments of error are presented, three of them relating to the trial court's charges to the jury. These three, Nos. 1, 3 and 6, will be first considered.

The first relates to special instruction No. 2, delivered before argument, as follows:

"The court instructs you that one operating a motor vehicle on the public street or highway has the right to assume that another likewise engaged in the operation of a motor vehicle, will obey the law. If you find that the plaintiff, Isabella Knotts, entered the intersection on the 'green' or 'go' signal, then she had the right to assume that the defendant Vitale Valocchi would obey the 'red' or 'stop' signal and that he would not enter the intersection so long as the signal remained 'red' or 'stop' against him."

Complaint is made that the charge, as given, is incomplete in that it did not contain the words "in the absence of notice or knowledge to the contrary," or similar language, and that under the rule set forth in *Blackford* v. *Kaplan*, 135 Ohio St. 268, it is therefore prejudicial error.

Whether or not it was complete in this respect depends on whether, in the case as presented, there was evidence of any such knowledge or notice, or of anything from which such knowledge or notice could be inferred. There was at least some evidence in *Blackford* v. *Kaplan*, and in *Swoboda* v. *Brown*, 129 Ohio St. 512 (which its opinion *Per Curiam* cited), of knowledge of the presence of the other vehicle approaching the intersection. In this case, the testimony of both plaintiff and defendant is emphatic that neither was aware of the other's presence until an instant before the collision, and the testimony of other witnesses who saw them both can scarcely be relied upon to establish that they saw each other. In this posture of the evidence, intrusion of the question of knowledge or notice, however good as an abstract statement of law, would have failed to conform to the evidence, and would, at best, have been confusing to the jury, and, at worst, have permitted it to speculate as to a knowledge which, under the evidence, was nonexistent. The specific reference to defendant by name rather than the more proper and generalized "every other person," in the special instruction, came close to a judicial declaration of notice but did not quite achieve it.

Even if, however, the failure to use the qualifying words was error, it was one of omission. No objection was made of it in the record until more than two months later in briefs filed in support of motion for new trial. Where a statement of law in a charge is incomplete, but correct as far as it goes, counsel has an obligation to point out its incompleteness and to suggest further instruction; otherwise, the error does not justify reversal. *Northwestern Ohio Natural Gas Co.* v. *First Congregational Church of Toledo*, 126 Ohio St. 140; *Rhoades* v. *City of Cleveland*, 157 Ohio St. 107. See *State* v. *Tudor*, 154 Ohio St. 249, 258.

The first assignment of error, and the third, which complains of virtually identical omission in the general charge, are overruled.

The sixth assignment of error is directed to the trial court's special instruction No. 1 on damages. In the course of defining permanent injuries the court stated:

"* * * And you have a right to consider not only what the loss has been in these respects in the past, but that which *may reasonably be expected to follow* in the future." (Emphasis supplied.)

Appellant complains that the proper statement, in place of the underscored words should be, "are reasonably certain to follow." We agree that the latter is a preferable statement, but in the particular case it appears to be a distinction without a difference. The undisputed and unrebutted testimony of Dr. McBurney, the sole medical witness in chief, was unequivocal, not only as to those damage items which were permanent but as to those which were in his opinion unlikely and conjectural. Where, as frequently happens, the testimony of two or more medical men varies as to reasonable probabilities of continuance or recurrence of symptoms and effects, there could easily be improper speculation by a jury with such words used. In the light of the testimony in this case, we think there is no reasonable possibility of such speculation. The sixth assignment of error is not well taken.

The second assignment charges error in admission, over objection, of inflamatory testimony. It appears that, prior to trial, defendant had secured a medical examination of the plaintiff by one Dr. Downing. At trial, defendant did not call Dr. Downing as a witness, nor did he offer any medical evidence as to plaintiff's injuries. Thereupon, after defendant rested, plaintiff recalled one of its witnesses for the sole purpose of showing that Dr. Downing had made the examination "at the request of the defense" and "for the purpose of this trial."

In our opinion, this was unquestionably error. Defendant was free to accept or dispute plaintiff's medical evidence. He had no obligation to produce a doctor at trial, nor did the fact that he exercised his right of medical examination before trial fasten such obligation upon him. Therefore, he could not be called upon to answer for the absence of such a witness or his failure to call him. The testimony regarding such absence was incompetent; it had no probative value. It was not proper rebuttal testimony, for on this point there was nothing to rebut.

As to plaintiff's argument that it constituted a permissible re-opening of his case, it is sufficient to point out that it had no probative value with respect to either liability or damages. It was obviously done for the sole purpose of enabling plaintiff's counsel to comment in argument on Dr. Downing's absence from the trial. This was done; counsel even argued to the jury that Dr. Downing "would tell you the same thing that Dr. McBurney told you—that this woman was seriously and permanently injured." Obviously this was grossly improper argument. But defendant made no objection to it whatsoever; his counsel even agreed that "we do not have any great quarrel as to the degree and extent of her injuries * * * these horrible injuries she has suffered." Under these circumstances, we do not feel that the error of admitting the testimony was, in any respect, prejudicial to defendant.

It may be argued that the incident tended to arouse passion in the jury against defendant. Perhaps it may have. So in all probability did grossly improper testimony and argument that defendant had not sought plaintiff out to express his sorrow over the accident. Defendant at no point registered objection to it.

We find the second assignment of error not well made.

Assignments of error four and five relate to excessive verdict and failure to grant a new trial. They have been briefed and argued together and will be similarly considered.

Both appellant and appellee have given much time to comparing the verdict in question with verdicts claimed to be rendered for similar or comparable injuries in Lake County and elsewhere. In this statistical analysis, NACA Law Journal is cited, and Statewide Jury Verdicts undoubtedly furnished source material. We are impressed with the diligence of counsel in this regard but think that their energies might have been better expended than on this sort of statistical approach. Facial scars to a teenage boy and to a mature woman may logically call for different considerations by a jury. Differences in mode of living, or of employment possibilities, or of social acceptance, among other things, may legitimately cause a jury to vary the amounts awarded. Intensity and duration of pain naturally will vary from case to case and are scarcely susceptible of charting for the jury's consideration. Defendant's counsel de-

scribed the injuries to the jury as "horrible." We are scarcely prepared to say, in the face of this and of 27 days of hospitalization, that the verdict would not be a substantial one. Defendant complains that the $42,000 awarded is the highest in Lake County's history. Perhaps so, but with present trends it is unlikely that this record will long stand.

Defendant denounces the "penny a minute" for pain argument used by plaintiff in his closing argument, but significantly he made no objection to it at the time it was delivered. Perhaps he felt, as does the writer, that this sort of argument is so "corny" and theatrical as to insult the intelligence of the jury and so be self-defeating. In any event, he remained silent while the argument was delivered and cannot now complain.

The amount of the verdict, considering the injuries involved, does not shock the conscience of the court. After all the verbiage in appellate opinions, this remains the only safe test of excessive verdicts. The fourth and fifth assignments of error are overruled.

We find no error in the record prejudicial to appellant, and find that substantial justice has been done between the parties. The judgment of the Common Pleas Court, Lake County, is, therefore, affirmed.

*Judgment affirmed.*

BROWN, P. J., and DONAHUE, J., concur.

(Decided March 20, 1963.)

ON MOTION for rehearing.

FRANCE, J. Appellant, on motion for rehearing, argues only one assignment of error not completely covered by the original opinion of this court: That of the trial court's special instruction No. 1, which appears in its entirety as follows:

"Ladies and gentlemen of the jury: If you find for the plaintiff in this case you will return a verdict for the full amount of the damages she has sustained. Such verdict should be in such amount as will fairly and fully compensate her for the injury or injuries which she has actually sustained resulting directly from the accident, but in no event can your verdict ex-

ceed the amount prayed for in the petition, namely, $100,000. This compensation should include the pain and suffering which she has already endured as well as the mental anguish, pain and suffering, if any, she will endure in the future, and the facial scars and disfigurement, if any, as you shall find them to be.

"If any of the injuries sustained by the plaintiff are permanent in their nature, or, if there is loss of usefulness of any part of her body by reason of such injuries, such facts may be considered by you in determining the amount of damages which the plaintiff has sustained. And you have a right to consider not only what the loss has been in these respects in the past, but that which may reasonably be expected to follow in the future."

Claim is made that the concluding sentence in each paragraph was erroneous for the reason that future damages were not in express terms limited to those *reasonably certain* to follow and that our opinion covers only that involved in the second paragraph while it is that in the first paragraph which appellant really objected to.

Concededly the arguments in appellant's brief covered the claimed objectionable language in each paragraph, although indiscriminately. Since in oral argument he dealt only with that in the second paragraph we were perhaps lured into believing that it was only this one which was relied upon and the other abandoned; consequently it was not commented upon separately in the original opinion.

In support of his contention, the following cases are cited to support the proposition that the charge must limit jury consideration to those *reasonably certain* by the use of those exact words and no others: *Pennsylvania Co.* v. *Files,* 65 Ohio St. 403; *Ottgen* v. *Garey,* 41 Ohio App. 499; *Toledo Railways & Light Co.* v. *Prus,* 7 Ohio App. 412; *Toledo Railways & Light Co.* v. *Poland, Gdn.,* 7 Ohio App. 397; and *Yates* v. *Irvin,* 85 Ohio App. 164.

We find that close examination of these cases does not support the claim made for them. In the *Files case,* where the language used was "such prospective damages, if any, as the jury *may believe* he has sustained or will sustain" the Supreme Court commented, at page 407:

"* * * This, we think, was too broad. The jury in assessing prospective damages should have been confined to such as were reasonably certain to follow from the injury complained of. * * *" The opinion then goes on to note (the quoted words being in a general charge with only a general exception taken) that: "* * * if this were the only error, we might not reverse the judgment."

In the *Poland case,* no error was claimed with respect to *the charge* not limiting damages to those reasonably certain. It dealt with erroneous admission of speculative *medical evidence* on future damages.

In the *Prus case,* the language of the charge was "* * * incorporate in your assessment of damages for such future pain and suffering as you find from the evidence is liable to ensue"; and again, "any amount which you may find from the testimony she is *reasonably liable to incur* in the future." (Emphasis supplied.) The court commented, at page 419:

"* * * The word 'liable' used by the court in the case at bar is no more than the equivalent of 'may.' By the use of this word in the charge the jury were justified in considering any damage that might by any contingency or possiblity ensue in the future."

The court then went on to observe the nature of the claimed injuries and the exceedingly broad and varied resultant diseases and defects which were claimed might result, including insanity, etc., with notations pertinent to extreme and conjectural parades of horribles scarcely pertinent to the case at bar.

In *Ottgen* v. *Garey,* the charge in pertinent part, was: "* * * in that connection, you may take into consideration the nature of the injuries which he has sustained, the pain and suffering that he has been put to, the *likelihood that he will suffer in the future from the injuries* * * *." (Emphasis supplied.) And the court, at page 505, remarked:

"The word 'likelihood' imports something less than reasonable certainty. The evidence, to warrant a belief in the likelihood of the happening of a future event or condition, need not be of that degree of probative value required to conclude that such event or condition is reasonably certain to result. * * *"

In *Yates* v. *Irvin,* the quotation is apparently from the en-

tirety of a special charge reading: "She is entitled to compensation for the pain suffered in the past and the pain for which she will suffer in the future"—without any qualification that the jury could find that there might be no future pain at all resulting from the injury. The court indicated, at pages 169, 170:

"The special instructions given by the court before argument in the instant case do not limit compensation for future damages to those which are reasonably certain to result from the injury. * * *

"* * *

"We * * * find that the special charge did not correctly state the law, and that the same constitutes prejudicial error."

In the instant case, we find that the phrase, "mental anguish, pain and suffering, if any, she will endure in the future, and the facial scars and disfigurement, if any, as you shall find them to be," contrasts favorably, so far as certainty is concerned, with such phrases as "such prospective damages, if any, as the jury may believe he will sustain," or "such future pain and suffering as you find is liable to ensue," or "the likelihood that he will suffer in the future," or even the language in the following paragraph "that which may reasonably be expected to follow in the future," which we found harmless due to the evidence situation. We are therefore of the opinion that, considering the instruction as a whole in the light of the record, the quoted words sufficiently indicate reasonable certainty to us and to a jury.

We have dealt with various language at length, not out of inclination for tautology but from appellant's relentless insistence on *reasonable certainty*, "the phrase, the whole phrase and nothing but the phrase" in imitation of the witness' oath, and because of his apparent belief that once certain words in certain combinations are used in appellate court opinions those words, and *only those words*, will be acceptable in a jury instruction. As a result of this belief, shared by many, special instructions, and even the general charges, of trial courts have frequently become the reading of successive paragraphs of selected and unrelated, but appeal tested, abstract propositions of law, not particularly applicable to the facts developed on trial; and the art of instructing a jury in language that is understandable and meaningful to it is in danger of being lost. It is

already increasingly said among trial judges that "charges are delivered to satisfy the Court of Appeals, not to instruct the jury."

We think that it is far more important that a special instruction, as well as the general charge, be couched in plain, understandable and informative language than that it contain every code word or phrase which has, at some remote time, been judicially approved.

*Former judgment adhered to.*

DONAHUE, P. J., and BROWN, J., concur.