Penny, Appellee, *v.* Thurman, Appellant.

(No. 11756—Decided March 13, 1972.)

*Messrs. Keating, Muething & Klekamp* and *Mr. Donald R. Gardner,* for appellee.

*Messrs. Bucciere, McKnally, Ihrig & Albanese* and *Mr. David J. Albanese,* for appellant.

Hess, P. J. This is an appeal from a judgment rendered by the Court of Common Pleas of Hamilton County against the defendant, appellant herein, and from an entry overruling defendant's motion for a new trial.

There is no material dispute on the facts. The plaintiff, appellee herein, was a passenger in an automobile which was struck in the rear by another auto operated by the defendant. During the trial the plaintiff testified that she had been examined by a Dr. Berning at the request of the defendant. Following the conclusion of the plaintiff's case in chief, the defendant offered no testimony and rested. Upon plaintiff's motion, the trial court directed a verdict for her as to negligence and proximate cause.

In the initial part of his closing argument, plaintiff's counsel reserved a part of his argument for rebuttal. He also commented on defendant's failure to call Dr. Berning as a witness, to which the defendant objected. Following

the conclusion of the first part of plaintiff's closing argument, the defendant waived closing argument. Counsel for plaintiff was then permitted to complete his argument with specific reservation by the trial court that defense counsel would have the opportunity to argue in reply. Defense counsel again waived closing argument. Then the jury returned a verdict awarding damages of $12,500. Subsequently, defendant filed a motion for a new trial which was overruled.

The defendant presents two assignments of error. In the first, defendant claims the trial court erred in overruling defense counsel's objection to statements made by plaintiff's counsel concerning defendant's failure to call a doctor who had examined plaintiff at defendant's request.

To support defendant's claim, he cites the case of *Knotts* v. *Valocchi,* 2 Ohio App. 2d 188, wherein the court stated, as *obiter dictum,* that comments in final argument upon the opposing counsel's failure to call a medical witness that had examined the plaintiff was improper. The issue decided in *Knotts,* however, was that testimony by a witness on rebuttal elicited solely to enable counsel to comment on the failure of opposing counsel to call a medical witness was erroneously admitted by the trial court, but was not prejudicial because opposing counsel failed to object.

The *Knotts* case is distinguishable from the instant case for two reasons. First, the testimony erroneously admitted in *Knotts* was elicited on rebuttal, whereas in this case the testimony came on direct examination and was subject to attack by the defense. Second, statements by the court concerning the issue of the propriety of counsel's comment on the failure to call a medical witness was *obiter dictum* in the *Knotts* case and, therefore, not controlling here.

The weight of authority upholds the propriety of counsel's comment in closing argument on the opposing counsel's failure to call a medical witness who has been shown to have examined the complaining party at the request of the defense. *Rodman Supply Co.* v. *Jones* (Tex.

1963), 370 S. W. 2d 951; *J. Weingarten, Inc.,* v. *Gauthier* (Tex. 1957), 305 S. W. 2d 181; *Santiemmo* v. *Days Transfer, Inc.* (1956), 9 Ill. App. 2d 487, 133 N. E. 2d 539; *Guin* v. *Mostrud* (1939), 206 Minn. 382, 288 N. W. 716; *Harrison* v. *St. Louis-San Francisco Ry. Co.* (1936), 339 Mo. 821, 99 S. W. 2d 841; *Pacific Mut. Life Ins. Co. of California* v. *Green* (1936), 232 Ala. 50, 166 So. 696

This court is in agreement with the above cited cases. Where a plaintiff has made the effort and did submit to a medical examination at the request of the defense, plaintiff's counsel may comment upon the inference to be drawn from the failure of the defense to call the doctor who made the examination. The first assignment of error is without merit.

In the second assignment of error, the defendant claims the trial court erred in permitting plaintiff's counsel to continue a reserved part of his closing argument to the jury after defense counsel waived final argument.

The defendant cites *Grossnickle* v. *Village of Germantown,* 3 Ohio St. 2d 96, as the authority of his claim. In that case, the court stated that holding back an argument so as to deprive the defense of rebuttal was improper.

In the instant case the trial court expressly reserved the opportunity for the defense to reply to the plaintiff's closing argument. *Grossnickle* does not control because the defense was not deprived of the opportunity to argue in reply.

The opportunity to argue was twice waived by defense counsel. The defendant cannot be heard to complain that he was denied his right to final argument where counsel voluntarily relinquished that right. The second assignment of error is without merit.

It follows that the judgment of the Court of Common Pleas of Hamilton County should be, and the same hereby is, affirmed.

*Judgment affirmed.*

Young and Shannon, JJ., concur.