## CECILIA ANDERSON v. JAMES C. YOUNG.[1]

June 22, 1906.

Nos. 14,763—(115).

**Measure of Damages.**

> From the mere fact that certain wages per week were received at the time of an accident, it will not be inferred that the amount of the wage for the time an injured party is incapacitated is the measure of damages for the loss of time.

Action in the municipal court of Minneapolis to recover $499 for personal injuries. The case was tried before Charles L. Smith, J., and a jury, which rendered a verdict in favor of plaintiff for $40. From an order denying a motion for a new trial, defendant appealed. Reversed.

*F. D. Larrabee,* for appellant.

*Everett Moon,* for respondent.

LEWIS, J.

Respondent and her husband were riding in a buggy on the Minneapolis road, a public highway, near Fort Snelling, and at a place

[1]Reported in 108 N. W. 298.

where a telegraph pole stood on the right-hand side of the road two automobiles overtook them; the one ahead passing them to the left, and appellant, owner of the second, attempting to pass at the same time on the right of the buggy, between it and the telegraph pole. There was not enough room, and, in passing, appellant's automobile struck against the shaft of the buggy and the horse, throwing the horse into the air and against the other automobile, wrenching the buggy about, and, though respondent suffered no physical bruises, she claims to have been severely frightened, and to have suffered great nervous shock, and that her health was greatly impaired. This action was brought for damages, and the trial resulted in a verdict of $40 for respondent.

The giving of the following instruction is the only error assigned:

> If by reason of this accident, if it was caused by the negligence of the defendant, you should find she [plaintiff] was unable to perform her work by reason of physical injuries, then up to the time she was unable to attend to her work, and for which she drew no pay, you will find $7 a week and add that to the amount you may find, if any, that she has suffered by reason of physical injuries and bring in a verdict in that amount. However, in no instance can your verdict be in excess of $499, the amount she claims in the complaint.

The complaint states that respondent was in good health before the accident; that she was a floorwalker in a department store by trade and able to earn $12 a week, and was earning and receiving that amount up to the time of the accident; and that by reason thereof she was, and ever since has been, incapacitated for such work. These allegations are unsupported by the evidence. The injury occurred July 19, 1905, and the cause came on for trial November 22, 1905. At the trial respondent stated that prior to the time of the accident she had been in the employ of T. L. Blood & Co., wholesale dealers in paints, and had charge of the labeling department at a salary of $7 a week; that the day following the accident she went down to look after things, but was only able to remain half a day, but was there more or less for the following two weeks, and after that time and up to the time of the trial she was unable to work except at housework; and that she went to her

old home at Rush City for six or seven weeks after stopping work.

The general rule in such cases is that evidence of wages received is admissible as bearing upon the value of time lost on account of injuries but in the absence of a definite contract of service, or facts from which it may be inferred that the wage was actually lost, no damages can be collected for loss of time. So far as the record informs us, respondent may not have continued at work another day after the date of the accident, and the instruction to return a verdict, including $7 a week for the time she was incapacitated, was not justified by the evidence. It assumes that had she not sustained the injury she would have continued to earn the same wages up to the time of the trial.

Order reversed and new trial granted.