# RUSSELL GUIN v. A. C. MASTRUD.[1]

December 1, 1939.

No. 32,182.

[1]Reported in 288 N. W. 716.

*Murphy, Johanson & Winter,* for appellant.
*Frankberg & Berghuis,* for respondent.

HOLT, JUSTICE.

On trunk highway No. 3 running easterly from Fergus Falls past the southerly outskirts of Battle Lake to Deer Creek, a collision occurred about six o'clock in the evening of December 31, .1937, between defendant's Ford and one Horner's Chevrolet. In the latter plaintiff was riding as a guest and received certain alleged injuries. He sued defendant for the damages sustained and was by a jury awarded $6,347.50. Defendant appeals from the order denying a new trial.

Not much need be said concerning the collision. The evening was blustery with the wind from the northwest. The highway was icy in spots. Mr. Horner left Fergus Falls for Deer Creek shortly after five o'clock, and, when approaching a graveled highway coming from Battle Lake, defendant had entered trunk highway No. 3, from the main north-and-south oiled highway from Battle Lake intersecting No. 3, half a mile east of the first mentioned graveled road, and turned west to go to Fergus Falls. The two cars met about where the graveled road first mentioned enters the trunk highway. Because of the slippery condition of the roadway, Horner claims he drove slowly and with the right wheels on the shoulder of the road. Plaintiff, sitting on that side, volunteered to watch that he did not get too near the ditch. Each driver saw the lights of the approaching car. Defendant claimed that Horner suddenly turned his car to the left as if he intended to turn north into the graveled road to Battle Lake, and to escape the threatened danger defendant turned to his left, and the collision followed. The proof showed that defendant's car struck the left front corner of Horner's car, crushing the left front fender and bumper, and entirely broke off the left front wheel so that the axle or knee joint thereof fell down and gouged out a dent in the

highway over a foot long and four or five inches wide. All witnesses agree that this dent was seven feet south of the center line of No. 3, almost conclusive proof that defendant negligently invaded Horner's proper lane of travel. At any rate, the jury's finding that defendant's negligence caused plaintiff's injury is so well sustained that it is not questioned on this appeal.

The assignments of error deemed necessary to consider are: (a) Refusal of the court to permit an amendment of the answer so as to allege contributory negligence as a defense or to submit the same to the jury; (b) errors in permitting defendant to testify as to the value of time lost from disability to work, and in testifying as to lost commissions because of his injuries; (c) faulty instruction in regard to permanent damages; (d) misconduct of plaintiff's counsel; and (e) excessive verdict.

It surely was within the discretion of the trial court to refuse to permit an amendment of the answer to allege the defense of contributory negligence, after the evidence was closed. And rightly the court refused to submit such issue to the jury. There was no evidence from which a jury could find that plaintiff either passively or actively contributed to bring about the collision or his injuries. Horner's car did not land in the ditch because of plaintiff's failure to watch how close the right wheels came to the edge of the shoulder, but because defendant turned in on Horner's proper lane of travel and pitched his car into the ditch.

Plaintiff was permitted to testify as to the work he had been engaged in prior to his injury and that, because of such injury, he had been unable either to do such work or any other. It appears that in partnership with a brother he had for years conducted a hardware store at Deer Creek and, in connection therewith, an undertaking business and outside salesmanship. He was asked and permitted to answer that in the fall before his injury he had taken orders for farm implements for a wholesale house in the territory around Bemidji so that he would have received therefor $500 in commission, but, on account of his injuries, he was unable to attend to the delivery and thereby lost the com-

mission. Defendant moved "to strike out the answer; without any foundation; conclusion of the witness." We think the court ruled correctly in denying the motion. It did not appear that any written contract or account books evidenced the employment or the work done thereunder, and in the absence thereof plaintiff's testimony cannot be said to be without foundation or a mere conclusion. This engagement of plaintiff was not one which the employer could end at will and is not ruled by Anderson v. Young, 98 Minn. 355, 108 N. W. 298. Plaintiff was also permitted, over defendant's objection, to state that the value of the time lost since the injury was in his opinion not less than $125 a month. The objection was: "Objected to; without any foundation; it doesn't appear he was doing anything at the time of the accident that was worth anything." It seems to us the two cases defendant cites sustain the ruling, viz., Fredhom v. Smith, 193 Minn. 569, 259 N. W. 80, and Piche v. Halvorson, 199 Minn. 526, 272 N. W. 591. Plaintiff had fully testified as to his business and activities prior to his injury, before inquiry was made as to his opinion of the value of his lost time.

Defendant insists that there is no evidence in the record which warranted the submission of permanent injury or disability to the jury. There were only two medical experts heard, Dr. Lewis for plaintiff and Dr. Pierce for defendant. Dr. Lewis had attended plaintiff from shortly after the injury until the trial. Dr. Pierce examined him only once and while the trial was on. Each one had taken X-rays of plaintiff's neck, the part of his body claimed to have been permanently injured. Dr. Pierce, from the examination and the X-rays, was of the opinion that plaintiff had fully recovered. Dr. Lewis was of the opinion that plaintiff's neck as to movement up and down and sideways at the time of trial was 75 per cent below normal. And in answer to the question as to whether in Dr. Lewis' opinion plaintiff's condition, insofar as his neck was concerned, is permanent or otherwise, the answer was: "I believe it is a permanent affair." He was furthermore of the opinion that plaintiff would probably need medical treatment for a year, and in answer to a question as to his opinion

whether plaintiff would be able to do any type of work for some time in the future, the answer was: "I don't think he will be able to work, maybe for years to come. I can't tell; I don't know." There was no error in submitting the issue of permanent injury to the jury. Moreover, defendant is scarcely in position now to assign error on such submission, for there was no request that such issue be not submitted, nor was any exception taken to its submission. Harris v. Eggermont, 196 Minn. 469, 265 N. W. 322. See also on the subject of proof of permanent injuries, McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776.

There is also now a claim that the instruction in respect to permanent injuries was faulty. Defendant has not seen fit to point out wherein the fault consists. The court instructed that the jury should consider what the evidence shows is reasonably certain that plaintiff will sustain.

Misconduct of plaintiff's attorney in eliciting that plaintiff had been examined at the request of defendant by two other medical experts besides Dr. Pierce, namely, by Dr. Fortin at Fargo and Dr. Lee of Fergus Falls, neither of whom was called by defendant to testify. When plaintiff had gone to the trouble of submitting to the examination of three medical experts of defendant's selection, and only one is called to give an opinion as to the conditions found, plaintiff had the right to argue that the two not called would have given testimony more favorable to him than to defendant. We need only cite the case of M & M Securities Co. v. Dirnberger, 190 Minn. 57, 250 N. W. 801, where the subject is adequately treated and numerous authorities listed.

The final contention is that the court erred in not granting a new trial on the ground of excessive damages. The trial court deemed them not so excessive as to justify disturbing the amount. It is to be noted that according to plaintiff and his medical expert the permanent injury and disability is not evidenced by subjective symptoms alone. The X-rays and crepitus show injury to the lining or the cartilage between two vertebrae of the neck. The verdict appears liberal, but on this record it cannot be said

to be so large as to indicate that passion or prejudice actuated the jury.

Order affirmed.