**CENTRAL POWER & LIGHT COMPANY,**
Appellant,

v.

**H. H. BUTLER, Sr., et al., Appellees.**

No. 13316.

Court of Civil Appeals of Texas.

San Antonio.

March 12, 1958.

Rehearing Denied April 9, 1958.

H. K. Howard, Corpus Christi, Suttle & Kessler, Uvalde, for appellant.

David R. White, Uvalde, for appellees.

POPE, Justice.

Appellant, Central Power & Light Company, appealed from a condemnation award of $2,000 for an easement it took from H. H. Butler, Sr., and others. The easement was south of Highway No. 90, west of Uvalde. Appellant urges that the jury was guilty of misconduct which probably resulted in injury. The trial court found that the jury committed misconduct, but that it was harmless. In our opinion the misconduct was probably prejudicial, and the cause should be reversed and remanded.

The court properly charged the jury to restrict its discussions to the evidence. It positively charged the jury to avoid discussions about the personal experiences and knowledge of the jurors. The source of the error in this case is manifest from the testimony of juror Victor, who, on the hearing for new trial, testified, "I thought when you were sitting on the jury whatever happened in that jury room was secret and there was just six people and we could discuss anything we wanted to. * * * I thought you could talk about anything you wanted to in the jury room." So believing, juror Victor, according to his own testimony, proceeded to tell the jury, (1) about his unfavorable experiences with the REA, who were in no way connected with the proceedings, (2) the value of and offers for his own land on the opposite side of Uvalde, (3) the value of another person's land, (4) that REA had cut down a tree on his property and had thrown it on his neighbor's land, resulting in a misunderstanding with his neighbor, (5) that ditches along the highway were "flooding everybody out there," and that nobody could do anything about it, (6) that the power line woud interfere with radio reception, (7) that the line would interfere with dusting and spraying of the fields, (8) that Central Power & Light Company refused to afford service to people who needed electricity; and (9) that he did not like the way power companies operated.

All six jurors testified that they compared the value of the land in suit with other land values which were not in evidence. Two testified that they heard Victor state that REA had thrown a tree on his neighbor's land, one that he heard Victor state that REA tore up his fence, and three, that they heard Victor state that REA left the land in a mess. To avoid the force of this extra evidence, an effort was made to show that the remarks were casual, but that testimony related only to the improper remarks about REA. Juror Victor did not regard the remarks as casual, but stated that he gave the information in answer to questions about subjects that were troubling the jurors, and that these matters which were not in evidence were discussed several times. The remarks were prejudicial. Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; Burkett v. Slauson, 150 Tex. 69, 237 S.W.2d 253; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259.

The judgment is reversed and the cause remanded.