Charles Allen LASSMANN, Appellant,

v.

Willie MUELLER, Appellee.

No. 13342.

Court of Civil Appeals of Texas.

San Antonio.

June 25, 1958.

Rehearing Denied July 23, 1958.

Keys, Russell, Keys & Watson, Corpus Christi, W. S. Fly, Victoria, for appellant.

Kelly, Hunt & Cullen, Victoria, Bert A. Kirk, Jr., Cuero, for appellee.

W. O. MURRAY, Chief Justice.

This is a suit for damages for personal injuries resulting from an automobile collision. Suit was instituted by Willie Mueller against Charles Allen Lassmann, and Lassmann filed a cross-action seeking damages for personal injuries against Mueller.

On August 10, 1956, while Lassmann was driving his automobile in a northerly direction on Farm to Market Road No. 236, about two miles south of Cuero, he was involved in a collision with an automobile being driven in a southerly direction by Willie Mueller. The trial was to a jury and resulted in judgment against Lassmann in favor of Mueller in the sum of $7,-000 for personal injuries, and $704.60 for medical and hospital expenses, from which judgment Lassmann has prosecuted this appeal.

Appellant has raised, among others, the contention that the verdict of the jury was so against the overwhelming preponderance of the evidence as to be unjust, and to dem-

onstrate bias, sympathy, prejudice, or other improper motive on the part of the jury.

Inasmuch as we have decided that this case must be reversed and remanded for a new trial on account of the misconduct of the jury, we pretermit any detailed discussion of the facts, other than to say that the issues were hotly contested and there was evidence in the record, which, if believed by the jury, would have supported a verdict in favor of either party.

The jury is charged with misconduct in that they discussed insurance and attorney's fees, agreed to answer all issues in favor of Mueller and against Lassmann, and rendered a quotient verdict.

The evidence heard upon the motion for a new trial shows that during the deliberations and before any issues were answered, the matter of insurance was brought up several times. One of the jurors stated they should not worry about finding against Lassmann, because he probably had insurance and it wouldn't cost him anything. Other jurors stated that they thought the same thing. There was evidence that one juror stated in effect that they should not discuss insurance. Several of the jurors testified that they heard insurance mentioned, and that some insurance company would have to do the paying. One juror stated she did not hear insurance mentioned. The trial court, in its order overruling the motion for a new trial, found that there was misconduct on the part of the jury, but, nevertheless, denied a new trial, evidently upon the theory that the misconduct was harmless.

In this the trial court was in error. According to the testimony, to which the trial court saw fit to give weight by his finding, the misconduct did occur. From the very beginning of the jury's deliberations insurance was mentioned, and it was pointed out that some insurance company and not Lassmann would have to pay the judgment. It seems that the jury regarded as determina-

tive of the case the question as to which side of the road the collision occurred. At the start the jury stood seven for Mueller and five for Lassmann. Some of the jurors stated that Lassmann was a young married man trying to get started in life, but the answer was given that the insurance company and not Lassmann would have to do the paying. The jury discussed the case all afternoon one Friday. until 9:30 p. m., at which time they were permitted to go home and come back Saturday morning. During Saturday morning they asked that the testimony of Mrs. Berger, the only disinterested eye witness to the collision, be reread, and in about an hour after the reading of this testimony the jury returned their verdict into court. It is argued that what decided the jury was the reading of the testimony of Mrs. Berger, and not the discussion of insurance. We cannot agree. The harmful effect of the discussion of insurance had already taken place before the reading of Mrs. Berger's testimony.

In the light of the entire record, we cannot say that the misconduct of the jury was harmless; on the contrary, we think their conduct was prejudicial to the rights of Lassmann. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Lands v. York Oil Corp., Tex.Civ.App., 280 S.W. 2d 628; Eichelberger v. Rankin, Tex.Civ. App., 278 S.W.2d 278; Plains Creamery v. Denny, Tex.Civ.App., 277 S.W.2d 755.

There is no contention that the amount of the damages was excessive, and for this and other reasons the mention of attorney's fees was harmless.

The evidence does not show that the jury entered into an agreement to answer all issues in favor of Mueller and against Lassmann, nor does it show that they rendered a quotient verdict.

The judgment is reversed and the cause remanded for a new trial.