RODMAN SUPPLY COMPANY and
Harold R. Hall, Appellants,

v.

Preston JONES, Appellee.

No. 7261.

Court of Civil Appeals of Texas.

Amarillo.

May 20, 1963.

952

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, and Roy Sansing, Higgins, for appellee.

DENTON, Chief Justice.

This is a damage suit brought by Preston Jones against Rodman Supply Company and its employee Harold R. Hall for damages sustained as the result of a collision which occurred in Canadian, Texas. The jury found all negligence issues in favor of the plaintiff below and assessed damages in the amount of $20,000.00. The trial court's judgment conformed with the jury verdict. Upon the overruling of appellants' amended motion for new trial, this appeal was timely perfected.

Appellants' first four points of error complain of jury misconduct in four different respects. The first of these deal with a discussion of attorneys' fees. Other alleged acts of misconduct concerned the visiting of the scene of the collision by some members of the jury; the consideration of improper elements of damages; and a reference to the defendant below having liability insurance. Upon the hearing of appellants' motion for new trial eight jurors testified. Several of the jurors testified attorneys' fees were mentioned and discussed to some extent. Juror Rivers testified attorneys' fees "was discussed and deliberated", but it "wasn't settled, because they didn't know how much anybody was going to get". All but two of the jurors who testified stated attorneys' fees were mentioned, and one testified we "naturally" assumed attorneys' fees would be paid. Except for three of the jurors who "couldn't remember" all agreed that three of the jurors, namely Janet Fry, Aurelia Garcia and R. T. Kelley,

Jr., had told the jury they had gone by the scene of the accident prior to their deliberation and reported their observations to the jury as a whole. Mrs. Garcia and Kelley were not called to testify, but Mrs. Fry freely admitted she went by the scene and reported her observations to the jury. Three jurors told of Kelley's visit to the scene, and that he "clocked" his approach to the scene of the collision as he drove his automobile thirty miles per hour along the route driven by appellant Hall. Juror McElreath in referring to Kelley testified: "He claimed visibility was—you could see as far as you wanted to; wasn't nothing to keep a fellow from seeing anything, at thirty miles per hour there wouldn't be no cause of trouble".

Testimony of the elements considered in determining the amount of damages was rather positive. Three jurors testified they arrived at the amount of damages by estimating how much would be required to support the plaintiff and his family of six children for the period they estimated he would be unable to work, plus the estimated costs of an operation. No juror denied the cost of living factor was generally discussed during the discussion of the damage issue. Juror Fry remarked she received $275 per month and that her family lived on this amount. Another juror, Mrs. Garcia, reported that her family of four lived on $280 per month. Some jurors were not questioned on this particular matter, and two others did not remember this discussion.

Four of the jurors testified that insurance was "mentioned" and "discussed". Two others "didn't remember". Mrs. Fry stated there was a discussion of insurance—"Not a great deal of discussion but it was mentioned". Juror Riley conceded that during the jury deliberation it was brought out the law required the defendant to have liability insurance, and that the defendant probably had insurance. Juror McElreath testified: "I told him (referring to Juror Riley) everybody carried what the state required". It was admitted this statement was made during the discussion of the damage issue.

Other similar statements were made by various jurors, but it is deemed unnecessary to detail them further. The fact these discussions were entered into was not denied except to the extent some of the jurors could not remember. The fact that all of the jurors testified on cross-examination that they considered only the evidence introduced in the trial, and that they "kept their oath" cannot be considered here because these matters dealt with the mental processes of the jury.

The fact jurors view the scene of a collision and report their observations and conclusions to the jury during their deliberations, amounts to the receipt of testimony other than that offered at the trial and constitutes misconduct within the meaning of Rule 327, T.R.C.P. In reviewing this record it is quite obvious the jury considered the amount they thought necessary to support appellee's family for the probable duration of his disability. This was a clear violation of the court's charge in connection with the damage issue. The fact some jurors, in response to leading and suggestive questions, testified they also considered physical pain and suffering and loss of earning capacity does not take the overall discussion out of the realm of misconduct. The Supreme Court had before it the question of jury misconduct in discussing unauthorized elements of damages in Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 68 A.L.R.2d 1062. After holding the jury discussed and considered unauthorized elements of damages, the court held:

"We know of no way by which this court can separate the unauthorized damages awarded by the jury from those which were authorized."

One of the most obvious acts of misconduct was the injection of liability insurance into the discussion. One juror used the term "naturally" in testifying they assumed the defendant company had liability insurance. The discussion of attorneys' fees was perhaps more inconclusive although it was not

**954**

denied this subject was discussed. It was inconclusive only for the reason none of the jurors knew how much the attorneys' fees would be.

■ The trial court was not requested and he filed no findings of fact and conclusions of law. Under such circumstances, it is presumed from the order overruling the motion for new trial that the court found no misconduct occurred. However, this rule has no application where there is no conflict in the evidence. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Phillips v. Texas P. Ry. Co. (Tex.Civ.App.), 223 S.W.2d 258, (NRE); Parris v. Jackson, (Tex.Civ.App.), 338 S.W.2d 280. We conclude the presumption the trial court found that misconduct did not occur is not applicable here as the evidence conclusively shows it did in fact occur. Whether or not jury misconduct occurred is a question of fact, but whether or not injury probably resulted is a question of law to be decided by the court. Trousdale v. Texas & N. O. R. Co., 154 Tex. 231, 276 S.W.2d 242. In determining this question of law, the court will review the entire record in the case including all the evidence heard on the trial of the case as well as the evidence heard in the motion for new trial. In considering this entire record, we reach the conclusion each of the acts of misconduct probably caused injury to appellant. In addition, their accumulative effect was such to strengthen our view that injury probably resulted. We can only conclude the accumulative effect of these acts complained of constituted material misconduct and requires this cause to be reversed and remanded. White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200; Weathers v. Renshaw Bros., (Tex.Civ.App.), 307 S.W.2d 640, (Ref., NRE); Murphy v. Davis, (Tex.Civ. App.), 305 S.W.2d 218; Plains Creamery v. Denny, (Tex.Civ.App.), 277 S.W.2d 755, (Ref., NRE); Lassmann v. Mueller, (Tex. Civ.App.), 315 S.W.2d 325, (Ref., NRE).

■ Even though we are of the opinion this case must be remanded because of jury misconduct, we think it advisable to pass on other points of error which refer to matters which will likely occur in another trial. The next point complains of the failure of the court to submit the issue of unavoidable accident. It was admittedly alleged, and appellant timely requested the submission of the issue. Under such circumstances, if the evidence raises the issue the court is required to submit it. It has been held that a jury issue of unavoidable accident is raised if the evidence shows the existence of an obstacle that might obstruct the view or some cause other than the negligence of one of the parties. Winn v. Taylor, (Tex.Civ.App.), 111 S.W.2d 1149. In examining the evidence to determine if unavoidable accident is involved, the evidence must be construed in the light most favorable to the submission of the issue. Vergauwen v. Parsons, (Tex.Civ.App.), 294 S.W.2d 863; Kuykendall v. Doose, (Tex. Civ.App.), 260 S.W.2d 435, (NRE).

■ The collision involved here occurred when appellee's automobile was struck as it backed out onto the highway from a parked position. Another automobile was parked along side appellee, and between appellee's automobile and the direction from which appellant Hall approached. Pictures of the overall scene which were introduced into evidence clearly show that service station signs and communication poles lined the street along the path of appellant's approach. It is obvious these obstacles, along with the parked automobile, could easily have obstructed the movement of appellee's automobile just prior to the time it reached the highway. Under these physical conditions present at the scene we are of the opinion the issue of unavoidable accident was raised, and the trial court erred in refusing this requested issue.

■ Appellants next complain of appellee's attorneys' argument on the failure of appellant to call Dr. Thomas as a witness. The record reflects appellee submitted himself to Dr. Thomas for a physical examination at the request of appellants'

attorney. Attorneys for both parties received a report containing Dr. Thomas' findings. Appellants contend the reference to their failure to call Dr. Thomas as a witness was error for the reason the doctor was available to both parties alike. Although there are Texas cases so holding, we are of the opinion the Supreme Court has effectively overruled this ruling in Tex-Jersey Oil Corp. v. Beck, supra. The court used the following language:

"The right to comment on the failure to call and use an employee-witness does not grow out of the unavailability of the witness but out of his relationship with the opposite party. We think it sound to hold that it is not improper for counsel to comment in argument on the unexplained failure of the opposite party to call as a witness and offer the testimony of one who the record shows to be legally available, and who, while employed by such party, obtained or was clearly in a position to obtain material information on a point at issue in the litigation."

As the appellee was sent to Dr. Thomas at the appellants' attorneys' request, the doctor may be considered appellant's employee for the purpose of conducting a physical examination. We therefore conclude the argument was not improper. See also Western Fire & Indemnity Company v. Evans, Amarillo Court of Civil Appeals, 368 S.W.2d 114.

Appellants' last point deals with another alleged improper argument in which reference was made to insurance by the mentioning of Travelers Insurance Company. This was an obvious reference to a former suit in which appellee had a workmen's compensation suit against the Travelers Insurance Company. Appellants introduced into evidence the judgment and other related documents of that suit which reveal a settlement was entered into. It is to be further noted that the trial court instructed the jury not to consider the re-

mark objected to. We conclude the point of error is without merit.

For the reasons stated herein, the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.