Ramon S. GARCIA, Appellant,

v.

PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellee.

No. 18.

Court of Civil Appeals of Texas.
Corpus Christi.
Jan. 23, 1964.
Rehearing Denied March 10, 1964.

John J. Pichinson, Corpus Christi, for appellant.

Owen Cox, of Boone, Davis, Cox & Hale, Corpus Christi, for appellee.

SHARPE, Justice.

This is an appeal from a take nothing judgment rendered on a jury verdict in a Workman's Compensation case brought by appellant to recover benefits for injuries sustained by him on December 9, 1961. Appellant contends that he is entitled to a new trial because of jury misconduct. We agree.

By answers to eighteen special issues the jury found, in substance, as follows: That appellant sustained an accidental injury in the course of his employment on December 9, 1961, resulting in temporary-total disability for a period of four weeks and permanent-partial disability beginning on January 6, 1962; that the average weekly wage earning capacity of appellant during such period of partial disability is $60.00 per week, and that an average weekly wage of appellant as of the date of the injury which would be fair and just to both parties is $60.00 per week.

Appellant had been paid the amount of $140.00 for the temporary-total disability sustained by him and the trial court rendered judgment that appellant take nothing, even though the jury found he had sustained permanent-partial disability.

Appellant contends that material jury misconduct probably resulting in injury to him was established because during the de- liberations of the jury one of the jurors related a personal experience concerning his own back injury, and that the trial court abused its discretion in overruling appellant's motion for new trial and in thereby impliedly finding that the jury misconduct did not occur and that injury to appellant did not probably result from the alleged jury misconduct.

We have before us the statement of facts on the main trial of the case as well as the record of the testimony heard by the trial judge on the motion for new trial. The record on the main trial has been of considerable assistance, and without the same a different result might have been reached on this appeal.

The record shows that appellant suffered injuries resulting from an accident in which a tub of boiling water was turned over and spilled on him while he was working as a meat cutter in a locker plant. He was given medical attention at the hospital for a brief period of time shortly after the accident, was then taken to his home for a period of about eight days, and was thereafter hospitalized for a period of about six days. He returned to work about a month after such injury but discontinued the same after about three weeks, claiming he was unable to perform his duties. On the trial of the case appellant testified he had been unable to work up until the time of trial in April, 1963, and that several different injuries had resulted from such accident, the most serious of which was an injury to his back. Two doctors, called as witnesses by appellant, supported his contention as to a back injury and by way of opinion evidence testified, in effect, that appellant was totally and permanently disabled. Such testimony was disputed by a doctor called on behalf of appellee who testified, in substance, that appellant was able, and had been able for some time past, to go back to work. The issue was strongly contested as to whether appellant had suffered an injury to his back, and if he had, the nature and extent of same. The alleged misconduct must be considered in this context.

The trial court overruled the motion for new trial in general terms. No findings of fact or conclusions of law were requested or filed. On the hearing of the motion for new trial, four jurors testified that while the jury was deliberating, another juror by the name of Smith, who had been a ball player, related his personal experience about a back injury suffered by him. The substance of the testimony of the said jurors will be briefly stated. Mrs. H. P. Campbell testified that, during the deliberations of the jury, the juror Smith said he had suffered a back injury while playing ball and it got all right; that prior to such statement by Smith she had been for awarding the appellant total disability, but afterward voted for partial disability. The juror Mrs. O. C. Farrar testified that, while the jury was deliberating, the juror Smith picked up the X-rays which were in evidence and used a pencil to point out certain areas to indicate where he had suffered injuries and stated that in his opinion and based upon his experience with his back injury a man likely, probably, or possibly would make a complete recovery and not suffer any permanent disability or be disabled for any length of time because in his own case he hadn't been; that she had changed her vote from total disability to partial disability after the juror Smith made such statements. The juror Mrs. Pauline Fawcett testified that the juror Smith, while the jury was deliberating, said that he had suffered a back injury, that he was in a cast and that he had gotten over it and he could do a man's work and a man's job of any kind; that prior to such statement by juror Smith the jury had not decided whether the appellant was partially or totally disabled and after such statement she had voted for partial disability. The juror Mrs. Emily Cain testified that, during the deliberations of the jury, a juror by the name of Sidney Smith, who was sometimes referred to as a football player, related a personal experience in connection with an injury to his own back; that Smith said he had injured a bone or vertebra in his back and illustrated where the same was located

on the X-rays, drawing a line and explaining, and that the doctor did something to take the pressure off this vertebra and that the same thing could be done with appellant; that the same kind of treatment could be given to appellant as had been given to him; that if the same thing was done to appellant's back as was done to Smith's back, that appellant would be all right.

The record shows that six of the remaining jurors were outside the courtroom at the time of the hearing on appellant's motion for new trial and, although they were available as witnesses, none of them were called. The testimony given by the said four jurors, briefly summarized above, therefore, stood uncontradicted.

If the evidence on the motion for new trial had been disputed or conflicting, we would be bound by an implied finding of the trial court in support of its order overruling the said motion, that the personal experience of the juror Smith was not related or that it was not related in the detail testified to by the above-named four jurors; and, therefore, that there was no misconduct. But such is not the case here. The testimony of the said four jurors was not disputed and we cannot presume that the juror Smith did not make the statements substantially as related by them. Barrington, et al. v. Duncan, et al., 140 Tex. 510, 169 S.W.2d 462 (1943); Rodman Supply Company v. Jones, 370 S.W.2d 951 (Tex. Civ.App., 1963, no writ hist.); Parris v. Jackson, et ux., 338 S.W.2d 280, (Tex.Civ. App., 1960, no writ hist.).

Appellee concedes that some character of personal experience was related by the juror Smith, without admitting that the same constituted misconduct, was material or resulted in probable injury to appellant. Appellee contends that the remarks made by Smith did not amount to jury misconduct because the same involved matters of common knowledge. We hold that such position is not well taken. The matter related by the juror Smith was not one of common knowledge or experience but, on the other hand,

**80**

was a specific, particularized, personal experience which was not known to the other jurors and should not have been made known to them. Crawford v. Detering Co., et al., 150 Tex. 140, 237 S.W.2d 615 (1951).

 Statements of the nature here involved have long been held to constitute misconduct and, in connection with a motion for new trial, the only remaining questions are of law as to materiality and probable injury. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1944); Rule 327, T.R.C.P.

There is no doubt as to the materiality of the statements made by the juror Smith. They were relevant to the issues of the existence of a back injury or the extent of such injury allegedly suffered by appellant, with the said juror giving his own experience of a similar injury suffered by him, the results of the treatment of such injury and expressing an opinion that similar treatment and results could be given and brought about in appellant's case. As we have heretofore pointed out, the issues as to existence or extent of the back injury claimed by appellant were strongly contested. In determining the question of law as to probable injury we have reviewed the entire record in this case and it is apparent that the improper relation by the juror Smith of his personal experience with a back injury, the treatment and results thereof and his opinions based upon his own experience, could have made the difference in the jury findings as to total or partial incapacity, as well as on the finding of appellant's wage earning capacity during the period of his permanent-partial disability.

We hold that appellant carried his burden of establishing jury misconduct, the materiality of same, that injury probably resulted to him, and that the lower court should have granted him a new trial. Texas Employers Insurance Association v. McCaslin, 159 Tex. 273, 317 S.W.2d 916 (1958); Crawford v. Detering Company, et al., 150 Tex. 140, 237 S.W.2d 615 (1951); White Cabs, et al. v. Moore, 146 Tex. 101, 203 S.W.2d 200 (1947); City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1944); Rodman Supply Company v. Jones, 370 S.W.2d 951 (Tex.Civ.App., 1963, no writ hist.); Texas Employers Insurance Association v. Price, 336 S.W.2d 304 (Tex.Civ.App., 1960, writ ref. n. r. e.); Central Power & Light Co. v. Butler, 311 S.W.2d 871 (Tex.Civ.App., 1958, no writ hist.); Travelers Insurance Co. v. Carter, 298 S.W.2d 231 (Tex.Civ.App., 1957, writ ref. n. r. e.).

Reversed.