Argued February 3, affirmed March 23, 1966

# BOHLE *v.* MATSON NAVIGATION COMPANY

412 P. 2d 367

*William C. Grant,* Portland, argued the cause for appellant. With him on the briefs was Ben T. Gray.

*Lloyd W. Weisensee,* Portland, argued the cause for respondent. With him on the brief were Gray, Frederickson & Heath.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

Plaintiff, an ordinary seaman on the SS Hawaiian Planter, owned and operated by the defendant, went to the pantry of the vessel on the evening of October 15, 1961, to make a pot of coffee for himself. There

being no cups in sight, he sought to find one by reaching down into the sink, which was partially filled with water, and as he did so the little finger of his left hand struck a broken water glass, lacerating the finger and severing the flexor tendon. He brought this action based on unseaworthiness of the vessel to recover damages for his injury and in a jury trial was awarded a judgment of $1,000. Not being satisfied with the judgment, plaintiff has appealed.

■ Much of the argument in plaintiff's brief is devoted to the charge of misconduct of the trial judge which prevented the plaintiff from having a fair trial. We think this contention is so lacking in substance that it is not necessary to set out the parts of the record upon which the plaintiff relies to support it.

■ A more serious question is raised by the court's ruling that counsel for the plaintiff would not be permitted to comment in his closing argument on the failure of the defendant to call as a witness Doctor Pasquesi, who, at the instance of the attorney for the defendant, had examined the plaintiff. Although the record on this question is regrettably meager, it is fairly inferable that defendant's attorney employed Dr. Pasquesi, in accordance with the common practice in personal injury actions, to make the examination as part of his preparation of the defense.

In such circumstances we think that comment by counsel for the plaintiff on the failure of the defendant to call the physician is allowable, since it is a natural inference that he would have been called if his testimony would help the defendant's case. Decisions in other jurisdictions support this view: *Gabelman v. Bolt,* 336 Mo 539, 550, 80 SW2d 171; *Guin v. Mastrud,* 206 Minn 382, 386, 288 NW 716; *Santiemmo v. Days Transfer, Inc.,* 9 Ill App 2d 487, 498-499, 133 NE2d

539; *Western Fire & Indemnity Co. v. Evans,* Tex Civ App, 368 SW2d 114, 116; *Rodman Supply Company v. Jones,* Tex Civ App, 370 SW2d 951, 954-955. See, also, McCormick on Evidence 534, § 249.

The Massachusetts cases, although somewhat inconclusive, appear to be in accord: *Grady v. Collins Transportation Co., Inc.,* 341 Mass 502, 509, 170 NE2d 725; *Thornton v. First National Stores, Inc.,* 340 Mass 222, 226, 163 NE2d 264; *Horowitz v. Bokron,* 337 Mass 739, 743-744, 151 NE2d 480. *Berry v. Stone,* 345 Mass 752, 189 NE2d 852, cited by the defendant, is not in point. The defendant in that case, upon learning of the plaintiff's injury, sent her family physician to attend the plaintiff. The physician was not called by either side and the court held that comment by plaintiff's attorney on the defendant's failure to call him was improper, saying:

> "It is reasonable in the usual case to expect a plaintiff to call an available physician who first attended her after her injury." 345 Mass at 756.

Defendant cites *Nielsen v. Brown,* 232 Or 426, 374 P2d 896, but on this question that case holds no more than that the plaintiff has the right, if he so chooses, to call a physician employed and compensated by the defendant. See 232 Or at 433-444. *Frangos v. Edmunds,* 179 Or 577, 595-596, 173 P2d 596, appears to be in conflict with what we now hold. To that extent it is disapproved.

It remains to determine whether the ruling was prejudicial. Plaintiff's entire medical evidence consisted of hospital records. Plaintiff's vessel was in port at Crockett, California, when he was injured. On October 16, 1961, he went to a United States Public Health Service Hospital in San Francisco, where the

injury was diagnosed as a small laceration and the finger was sutured. On October 23, 1961, a physician at the United States Public Health Service Hospital in Seattle removed the sutures. Plaintiff returned to the Seattle hospital on January 6, 1962. The hospital record shows that a diagnosis was then made of severance of the flexor tendon of the injured finger, and that, as the schedule on the orthopedic service was filled up for three weeks, the patient could be discharged as fit for duty and should return for scheduling for a tendon repair. There is no evidence that he ever returned to the Seattle, or any other, hospital for that purpose or that the repair was ever made. Plaintiff testified that the finger is constantly in his way when he is performing his duties on shipboard. He did not testify, and there is no evidence, that the injury prevents him from performing his duties or holding down a seaman's job.

The defendant introduced no evidence relative to the character or seriousness of plaintiff's injury and did not seek by cross-examination to question or weaken the evidence upon this subject.

Thus, the plaintiff's evidence on this issue being undisputed and supported by unimpeached hospital records, it is not seen how plaintiff's case could have been harmed by the court's ruling. Plaintiff suggests that, had Dr. Pasquesi been called, he might have testified that the severed tendon could not have been repaired. Plaintiff's own evidence showed that it was the opinion of the government doctor in Seattle that it could be, otherwise he would not have recommended it. Plaintiff made no claim to the contrary on the trial and the suggestion comes a little late now.

The court's ruling was not reversible error.

Plaintiff assigns as error the admission of evidence, over his objection, of the practice and custom in the shipping industry regarding measures taken to protect against broken glass being put in a pantry sink. It is unnecessary to decide whether the evidence was admissible, because it went only to the question of unseaworthiness and not to damages. The jury's verdict established that the defendant was liable and the evidence could have had no effect on the amount of the recovery.

■ The judge, in the course of an instruction on the duty of an injured person to exercise reasonable care to minimize the injury by obtaining suitable medical attention, said "if a person does not do what a reasonable person would do to minimize the effect and [sic] injury and this results in an exaggeration of the injury, then the exaggeration cannot be the basis of any claim against the person or corporation liable." Plaintiff excepted to the use of the word "exaggeration" and assigns as error the giving of the instruction. It may be conceded that "exaggeration" was not the happiest choice of words, though it should be noted that in *Wells v. Clark & Wilson Lbr. Co.*, 114 Or 297, 323-324, 235 P 283, a similar instruction in which that word was used was approved by the court. "Aggravation," we think, would be more appropriate. But it is entirely clear from the instruction, taken as a whole, that no sinister or opprobrious connotation was either intended or would probably be inferred by the jury from the use of the word "exaggeration," and that the jury would have understood the instruction simply to mean that the plaintiff was not entitled to damages for an enhancement of his injury due to his failure to avail himself of reasonable medical attention. The jury could have found that the plaintiff was delinquent in

that respect in failing to follow the recommendation of the physician to have the tendon repaired.

■ The judge gave the statutory instructions prescribed by ORS 17.250 (4) relative to oral admissions of a party and ORS 17.250 (6) and (7) relative to the offer of weaker and less satisfactory evidence, when it appears that stronger and more satisfactory was within the power of the party. Plaintiff excepted on the ground that there was no evidence to justify the giving of either of these instructions. We agree that there was no such evidence and that the instructions were, therefore, abstract.

■ Ever since the opinion of Mr. Justice BRAND in *Godvig v. Lopez,* 185 Or 301, 202 P2d 935, the established rule in this state has been that an abstract instruction is not ground for reversal unless the court is "able to see that under the circumstances disclosed by the record, the jury may have been, and probably were, misled, to the injury of the complaining party." 185 Or at 310. It was further held in that case that the giving of an abstract instruction on the failure of a party to produce stronger and more satisfactory evidence within his power, "may impose a duty upon the trial court to order a new trial, though we think that duty would arise only if it should be obvious that the jury were misled by the giving of the instruction."

In the case at bar the plaintiff filed a motion for a new trial in which he specified certain alleged errors at law occurring in the trial, but did not include the instructions now under consideration. The court entered an order denying the motion which recites: "[T]he Court is of the opinion that no error was committed or that, if error may have been committed, the Court is of the opinion that such was not prejudicial under the issues framed by the pleadings and evi-

dence". Upon the question of prejudice we are of the same opinion as the trial judge.

The judge gave an instruction on comparative negligence which included the following:

> "For example, if you find that the plaintiff was guilty of contributory negligence and said negligence was responsible for 50 per cent of his damage, then you would reduce the award—any award of damages by 50 per cent. If you found 75 per cent, and if you found that you would reduce 75 per cent and if you found ten per cent you would reduce it by ten per cent. Those are just examples."

The exception taken was to the use, by way of example, of the figures 50 per cent, 75 per cent and ten per cent, though it is not clear to us why it would have been better for the court to use different figures, and neither the exception nor the plaintiff's brief tells us why. The argument in the brief, however, going beyond the exception, seems to contend that the instruction should have been given in the language of Instruction No. 160.50, Oregon Uniform Jury Instructions for Civil Cases, and that the instruction carried to the jury the impression that the court believed plaintiff to have been negligent. A trial judge in this state is free to instruct in his own language and neither in this nor any other part of the charge did the judge give the slightest indication of his opinion about the facts.

The judgment is affirmed.