338 So.2d 1294 (1976)
Florence E. LINEHAN and Daniel J. Linehan, Her Husband, Appellants,
v.
B.E. EVERETT d/b/a Dixie Ambulance Service, et al., Appellees.
No. AA-63.
District Court of Appeal of Florida, First District.
October 26, 1976.
As Modified on Denial of Rehearing December 1, 1976.
*1295 John F. Roscow, III, of Scruggs, Carmichael, Long, Tomlinson, Roscow, Pridgeon, Langdon & Helpling, Gainesville, for appellants.
Stephen A. Rappenecker of Dell, Graham, Willcox, Barber, Rappenecker, Ryals & Henderson, Gainesville, and Charles Vocelle of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellees.
McCORD, Judge.
Florence E. Linehan and Daniel J. Linehan, plaintiffs below, appeal a final judgment in their favor entered pursuant to jury verdicts.
This action grew out of two successive automobile accidents in which Florence Linehan was injured. Both occurred on September 8, 1970. In the first, a truck owned by appellee Hudson Pulp and Paper Company collided with her automobile and in the second, the ambulance owned by appellee D.E. Everett d/b/a Dixie Ambulance Service, which was taking her to the hospital from the first accident, hit a bridge abutment. It subsequently developed from x-rays that in addition to chest injuries, Mrs. Linehan had a compressed fracture of the vertebrae. There was a difference of opinion between the various doctors who examined or treated her as to whether or not this fracture was an old fracture or one she received in one or the other of the two accidents. The Linehans contend on the first point that the court erred in permitting Dr. Edward Kissam to answer a hypothetical question asked him on cross-examination by appellees. We disagree and find no error as to the first point.
Upon being taken to the hospital from the accidents, Mrs. Linehan was examined and treated in the emergency room by Dr. Thomas Deal. In his testimony, given approximately five years later, Dr. Deal testified that he had no independent recollection of his examination and treatment of her, but from his notes, he was advised upon entering the emergency room that she complained of chest and back pains and that he "essentially did a complete physical examination." He found injury to her chest but no evidence of back injury. His notes show that her back was within normal limits and upon being asked how he made that determination he stated, "I would have to just assume that I did the kind of back examination that I do with anyone, especially complaining of back pain, and that would mean to check and see how her range of motion was, how much she could move her back without pain or tenderness, and a careful examination of palpation up and down her back for any localized areas of tenderness. And depending on what I found and what kind of thing she was complaining of, more examination, and apparently the examination was normal, according to this." He testified that if her back had not been normal, he would have put down something different. He was asked the question, "In order to reach the examination that Mrs. *1296 Linehan's back was within normal limits, would you have palpated her back?" and he responded, "Yes, palpated up and down and usually percussion, strike with your fist up and down and back to find localized areas of tenderness, to see if any place is particularly injured." He testified that the fact that he wrote in his notes that her back was within normal limits "indicates to me that I did an examination of her back, and did not find anything abnormal."
Dr. Kissam, an orthopedic surgeon, testified that he first saw Mrs. Linehan on January 13, 1971, and treated her thereafter. He diagnosed a compressed fracture of the vertebrae and gave an opinion that it was related to the first of the two accidents. On cross-examination by appellees, he was asked the hypothetical question to which exception is taken. He was asked to assume an enumerated statement of facts which appellees contend were supported by testimony in the record as to the procedures and findings of the initial examination by Dr. Deal in the emergency room. These included the foregoing statements of Dr. Deal which were enumerated as hypothetical facts in the question. Dr. Kissam gave the following answer to the question:
"Assuming everything said as fact, I would not find any evidence of back injury on that examination that could be related to any accident."
Appellant contends the hypothetical question included within the facts to be assumed by Dr. Kissam the opinion of Dr. Deal that Mrs. Linehan's back was within normal limits and Dr. Deal's assumption that he had properly conducted the back examination which were not facts. We consider these statements of Dr. Deal to have been sufficiently factual to be included in the hypothetical. If the jury found from Dr. Deal's testimony that he had not conducted the back examination or had not conducted a sufficiently thorough examination to show whether or not Mrs. Linehan's back was within normal limits, the jury would simply disregard Dr. Kissam's answer to the hypothetical question. It all depends upon the credibility that the jury attaches to Dr. Deal's testimony as to whether or not they believe he conducted a back examination and, if so, whether or not they believe the examination revealed the back to be within normal limits. He testified that the back examination was based upon his standard procedure in such cases where he has an initial report of back pain. Thus, there is evidence that the back examination was made and that it revealed the back to be within normal limits, both of which are factual. We find no error in the trial judge allowing Dr. Kissam to answer the hypothetical question.
The Linehans in addition contend the trial court erred in granting a motion in limine made by appellees which prohibited counsel for the Linehans from commenting in their closing argument to the jury on the fact, or draw inferences from the fact, that the appellees' physician who had examined Mrs. Linehan at the appellees' request was not called by appellees to testify at the trial. We agree that such was error. Mrs. Linehan testified she had been seen by Dr. McAuley, the examining physician for the appellees; that she was present in his office for approximately two and one-half hours in which one-half hour was spent on a physical examination of her by the doctor, and one hour was spent being questioned by him. This examination occurred about three months prior to the trial. The attorneys for appellees announced in chambers that they did not intend to call Dr. McAuley as a witness nor introduce his deposition into evidence and asked the Linehans' attorney whether or not he intended to comment on such in his closing arguments to the jury. Upon receiving an affirmative reply, appellees made a motion in limine to prohibit the Linehans' counsel from commenting on the nonappearance of Dr. McAuley. The motion was granted over the Linehans' objection. While we have not found or been cited any Florida authority on this particular point, the weight of authority in other jurisdictions is to the effect that counsel may comment in closing argument on the failure of a defendant to call a medical witness who has been shown to have examined the complaining party at *1297 the instance of the defense. Penny v. Thurman, 34 Ohio App.2d 190, 63 Ohio Ops.2d 319, 297 N.E.2d 555 (1972); Satiemmo v. Days Transfer, Inc., 9 Ill. App.2d 487, 133 N.E.2d 539 (1956); Feldstein v. Harrington, 4 Wis.2d 380, 90 N.W.2d 566 (1958); Rodman Supply Co. v. Jones, 370 S.W.2d 951 (Tex.Civ.App. 1963); Kickham v. Carter, 335 S.W.2d 83 (Mo. 1960); Guin v. Mastrud, 206 Minn. 382, 288 N.W. 716 (1939); St. Louis S.F. & T. Railway Co. v. Green, 37 S.W.2d 123 (Tex. App. 1931). We agree with the foregoing authority. The Linehans' attorney should have been allowed to comment on the appellees' failure to produce Dr. McAuley. The Linehans were entitled to have the jury draw such inference as they might deem justified from the failure of appellees to call Dr. McAuley.
Reversed and remanded for a new trial.
BOYER, C.J., and SCHLEGEL, LEW E., Associate Judge, concur.