PER CURIAM.
Appellant argues that 1) the successor judge, who was not present at trial and who was therefore unable to observe the alleged prejudicial conduct of appellee’s attorney, erred in denying appellant’s post-trial motions; 2) the trial court erred in allowing appellee to pose a hypothetical question based on facts allegedly not in evidence; and 3) the jury verdict was against the manifest weight of the evidence. Finding no merit in these claims, Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985); Martin v. Sussman, 82 So.2d 597 (Fla.1955); Linehan v. Everett, 338 So.2d 1294 (Fla. 1st DCA 1976); Better Const., Inc. v. Camacho Enterprises, Inc., 311 So.2d 766 (Fla. 3d DCA), cert. denied, 325 So.2d 8 (Fla.1975); Dixie-Bell Oil Co. v. Gold, 275 So.2d 19 (Fla. 3d DCA 1973); see Griffis v. Hill, 230 So.2d 143 (Fla.1969); Steiger v. Massachusetts Casualty Ins. Co., 273 So.2d 4 (Fla. 3d DCA 1973), we affirm.
Affirmed.